### J. W. RHUDY v. THE STATE.

#### No. 2244.  Decided October 14, 1900.

**1. Forgery—Indictment.**

Neither at common law, nor under our statutes, is it essential or required, in an indictment for forgery, to set out the name of the person whose name has been forged. A contrary doctrine in Anderson v. State, 20 Texas Criminal Appeals, is mere dicta.

**2. Same.**

In an indictment for forgery under our statute, it is only required to set out the instrument by its tenor, and allege that it was made by defendant without lawful authority and with intent to defraud or injure, and that it purported to be the act of another than defendant.

**3. Admission of Evidence—Bill of Exceptions.**

Questions as to the admissibility of evidence can not be considered where no bill of exceptions was reserved showing the action of the court below in the matter.

APPEAL from the District Court of Ellis. Tried below before Hon. J. E. DILLARD.

Appeal from a conviction of forgery; penalty, two years imprisonment in the penitentiary.

The charging part of the indictment, which was claimed to be insufficient, is set out in the opinion.

No brief for appellant has come to the hands of the Reporter.

*Rob't A. John,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted under the first count of the indictment for forgery, and his punishment assessed at two years confinement in the penitentiary. Hence this appeal.

Appellant questions the validity of the indictment. The conviction was under the first count, for forgery, and the judgment and sentence followed the verdict of the jury. The charging part of the first count of the indictment is as follows: That appellant, J. W. Rhudy, " * * * without lawful authority, and with intent to injure and defraud, did unlawfully, willfully, and fraudulently make a false instrument in writing, purporting to be the act of another, the tenor whereof is as follows, viz: 'Waxahachie, Texas, May 10th, 1900. No. 231. The Citizens National Bank of Waxahachie: Pay to Dr. J. W. Rhudy or bearer $7.50 (seven & 50-100 dollars). W. M. Spurlock, per W. N. C. P.'—against the peace and dignity of the State." The point raised is that the indictment fails to allege the name of the person forged; that, to make the allegation complete, it should have charged that such writing purported to be the act of another, to wit, W. M. Spurlock. To support this contention, we are referred to the case of Anderson v. State, 20 Texas Criminal Appeals, 595. We have examined said case, and while in the opinion the court uses this language, "The instrument must also purport to be the act of another, and the indictment must also allege the name of the person whose act it purports to be," still this is merely dicta, as it was not necessary to the decision of that case. The purport clause did contain the allegation that it purported to be the act of Martin Baysinger, and the case turned upon the question as to whether or not said instrument purported to be the act of Martin Baysinger, as alleged; and the court held very properly that, the instrument not being signed by Martin Beysinger, from the verbiage thereof it could not be said that it purported to be his act. We are not advised of any case in the courts of this State where the exact question here presented has been decided. At common law, while it was necessary to set out the name of the person intended to be injured or defrauded, it was never necessary to allege the name of the person forged. See 9 Enc. Pl. and Pr., p. 581; 2 Bish. Crim. Proc., sec. 401. Under our statute it is not necessary to set out in the indictment for forgery the name of the party intended to be injured or defrauded. Penal Code, art. 532; Code Crim. Proc., art. 442; Westbrook v. State, 23 Texas Crim. App., 401. It is also the recognized doctrine in this State that it is not necessary that the indictment contain a purport clause, it being sufficient if the instrument is set out according to its tenor. Labbaite v. State, 6 Texas Crim. App., 257; Westbrook v. State, 23 Texas Crim. App., 401; English v. State, 30 Texas Crim. App., 470; 2 Bish. Crim. Proc., sec. 413. The purport clause, as used at common law, was simply an allegation as to the character of the instrument alleged to be forged, as purporting to be a bond or promissory note, etc. See Bish. Crim. Proc., sec. 413. However, in pleading in this State it seems that the purport clause of the indictment has been referred to and treated in the cases as one containing the name of the alleged forged person, to wit, purporting to be the act of A. B. Willson, Criminal Forms, sec. 307, and

authorities there cited. And it has been held that where the purport clause is set out, containing the name of the person alleged to be forged, this must strictly correspond with the name signed to the instrument, as set out by its tenor. White, Ann: Penal Code, sec. 884, and authorities there cited; 2 Bish. Crim. Proc., sec. 416. If, under our system of pleading, it is not necessary to set out in an indictment for forgery the name of the party intended to be injured or defrauded, and if it is not necessary to set out the purport clause, but merely to set out the instrument according to its tenor, then it would follow that it is not necessary to charge the name of the party forged to the instrument, but only necessary to allege, in accordance with the statute, as was done in this case, that the instrument was made by the defendant without lawful authority, and with intent to injure or defraud, and that said instrument purported to be the act of another than the defendant,—the instrument then being set out according to its tenor,—would be sufficient. We accordingly hold that the indictment in this case is good.

Appellant, in motion for new trial, raises certain questions as to the admissibility of testimony; but this matter can not be considered, inasmuch as no bill of exceptions was reserved, showing the action of the court. He also insists that the case should be reversed because the evidence is not sufficient to support the verdict. We can not agree to this contention. According to our view, the jury was fully authorized to find defendant guilty. The judgment is affirmed.

*Affirmed.*