R. T. Hardin v. The State.

No. 805.    Decided October 26, 1910.

**Forgery—Indictment—Act of Another Need not be Pleaded.**

An indictment for forgery need not allege in express terms that the instrument charged to have been forged was the act of another, or name the person whose act it purported to be.  Following Huckaby v. State, 45 Texas Crim. Rep., 577.

Appeal from the District Court of Comanche.    Tried below before the Hon. J. H. Arnold.

Appeal from a conviction of forgery; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—On May 10 of this year appellant was convicted in the District Court of Comanche County on a charge of forgery, and his punishment assessed at confinement in the penitentiary for a period of two years.

The statement of facts which we have carefully examined convinces us that the evidence is abundantly sufficient to sustain the verdict.    Except a suggestion that appellant was intoxicated at the time of the alleged forgery, there is no other defense suggested. The record as it comes to us contains no bills of exception, nor is there a motion for new trial contained in the record.    Counsel for appellant have filed assignments of error which call in question the sufficiency of the indictment.    It is urged that this indictment is insufficient in that it does not allege anyone whose financial position was affected by the alleged forgery.    We assume it was in the mind of counsel that the indictment is insufficient in that it did not allege in express terms that the instrument charged to have been forged was the act of another, nor name the person whose act it purported to be.    This matter has been the subject of some confusion in this court, but the correct rule was finally laid down in the case of Huckaby v. State, 45 Texas Crim. Rep., 577.    In that case the court say: "In Anderson v. State, 20 Texas Crim. App., 595, which was a case of forgery, the court appears to hold that this averment is necessary.    However, in that case the allegation was contained in the indictment, and the question was not before the court.    Ruddy's case, 42 Texas Crim. Rep., 225, 58 S. W. Rep., 1007, follows the above case; but holds that while it is necessary to allege that the act purported to be that of another than defendant, it is not necessary

to state the name of such other person alleged to be forged. In Webb v. State, 39 Texas Crim. Rep., 534, the court went still further and held in a forgery case that the indictment need not allege that it was the act of another where the instrument was set out in the indictment according to its tenor. This case cites Thurmond v. State, 25 Texas Crim. App., 366, which is authority for holding, in a charge for uttering a forged instrument, it is not necessary to allege that it purports to be the act of another, where the instrument alleged to be forged was set out according to its tenor. From this statement it seems that the authorities on this subject are in a state of some confusion. We believe under our system of pleading that the last two cases announce the correct doctrine. Of course, there might be a case where there was similarity of names between that of the alleged forger and the party whose name is charged to have been forged; and in such case it might be necessary to allege that the forged instrument purported to be the act of another than the party charged with forging the instrument. We accordingly hold that the indictment is good as to this objection." The indictment in this case follows almost literally the form approved in the case of Huckaby v. State, 45 Texas Crim. Rep., 577, supra.

Finding no error in the record, it is ordered that the judgment of conviction be and the same is hereby affirmed.

*Affirmed.*