### HENRY V. WEBER v. THE STATE.

#### No. 3858.   Decided December 8, 1915.

**1.—Forgery—Deed—Indictment.**

Where, upon trial of forging a deed, the indictment followed approved precedent, the same was sufficient. Following Thompson v. State, 69 Texas Crim. Rep., 31.

**2.—Same—Name of Party Forged.**

An indictment under article 947 of the Criminal Code which charges the forged deed to be the act of another, it is not necessary to allege whose act it purports to be. Following Hardin v. State, 60 Texas Crim. Rep., 129.

**3.—Same—Jurisdiction—Location of Land—Indictment.**

Where the forged deed, copied in the indictment, showed that the land purported to be conveyed thereby was in the county of the prosecution and that said deed was forged in said county, the contention that the court was without jurisdiction because the indictment did not show in what county the land was located which the forged deed conveyed, and because it used the words "and defraud" twice, is untenable.

**4.—Same—Motion in Arrest of Judgment—Purport Clause—Intent.**

Where, upon trial of forging a deed, the indictment followed approved precedent, a motion in arrest of judgment contending that the indictment did not set out any of the statutory elements of intent in the purport clause, etc., and in the purport clause charged additional and unnecessary facts, descriptive of the land, the same was correctly overruled.

Appeal from the District Court of Jefferson. Tried below before the Hon. W. H. Davidson.

Appeal from a conviction of forging a deed; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.

PRENDERGAST, PRESIDING JUDGE.—Appellant was convicted of forging a deed and was assessed the lowest punishment. There is neither a bill of exceptions nor statement of facts. The indictment and prosecution was under article 947, Penal Code, which was quoted in full in Thompson v. State, 69 Texas Crim. Rep., 32, 152 S. W. Rep., 893.

After the necessary preliminary allegations, the indictment alleges that appellant on or about March 12, 1915, in Jefferson County, Texas, "did then and there without lawful authority and with intent to injure and defraud and defraud, wilfully and fraudulently did make and forge a false instrument in writing, purporting to be the act of another; which false and forged instrument did then and there relate to and affect an interest in land in the said State of Texas, and was then and there so falsely made by the said Henry V. Weber in such manner that, if the same were true and genuine, it would have affected and transferred the title to certain land in the said State of Texas, and which said false instrument purports to be a deed conveying certain land from Tom Lucid to Henry V. Weber, and is to the tenor following." Then follows a copy of what, if genuine, would have been a deed from Tom Lucid to appellant conveying certain lots in Beaumont, Texas, dated March 12, 1915. Then follows a certificate of acknowledgment and a certificate of registration.

Appellant made a motion to quash the indictment on the ground that it charges the forged deed to be the act of another, but does not state whose act it purports to be. This was unnecessary. Hardin v. State, 60 Texas Crim. Rep., 129. His next ground is that the court was without jurisdiction, because the indictment did not show in what county the land was located which the forged deed conveyed, and that the indictment was unintelligible, because it used the words "and defraud" twice. The forged deed copied in the indictment showed that the land purported to be conveyed thereby was in Beaumont, in Jefferson County, Texas, and the indictment alleged, in addition, expressly that said deed was forged in Jefferson County, Texas. The indictment was good against these objections.

After the trial the appellant made a motion in arrest of judgment substantially on these grounds: (1) That the indictment did not set out any of the statutory elements of intent in the purport clause as prescribed in said article of the Act prescribing the offense; (2) because said indictment in the purport clause charges additional and unnecessary facts descriptive of the land described in the forged deed, which rendered it invalid.

We think the indictment was valid against these objections. And the court correctly overruled both his motion to quash and in arrest of judgment. There is no other question raised in the case.

The judgment is affirmed.

*Affirmed.*