Tyree JACKSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 49348.

Court of Criminal Appeals of Texas.

Feb. 5, 1975.

Rodney W. Satterwhite, Midland, for appellant.

James A. Mashburn, Dist. Atty. and Rusty Wall, Asst. Dist. Atty., Midland, Jim D. Vollers, States Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This is an appeal from a conviction for the sale of methaqualone, a dangerous drug; the punishment assessed was imprisonment for six years. Among several grounds of error the appellant urges that the evidence is insufficient to support the conviction and that evidence was erroneously admitted. We agree.

It is alleged in the indictment that on or about January 17, 1973, the appellant " . . . did then and there unlawfully sell to Jim Mull a dangerous drug, to-wit: methaqualone, a drug which bears the legend 'Caution: federal law prohibits dispensing without a prescription' . . . "

Evidence shows that the appellant sold to Mull four capsules which appellant called "Blue Havens" and which he said were tranquilizers. Expert testimony was offered which proved that the capsules contained methaqualone.

■ Article 726d, Vernon's Ann.P.C., the statute in effect at the time of the alleged offense, did not name methaqualone as a dangerous drug. Therefore, it was necessary to prove that methaqualone was included in one of the classes of substances specified as dangerous drugs in Article 726d, V.A.P.C. See Taylor v. State, 172 Tex.Cr.R. 461, 358 S.W.2d 124 (1962); Beal v. State, 432 S.W.2d 94 (Tex.Cr.App. 1968); Wright v. State, 500 S.W.2d 170 (Tex.Cr.App.1973); Henley v. State, 387 S.W.2d 877 (Tex.Cr.App.1965). The Texas Controlled Substances Act, effective August 27, 1973, specifically names methaqualone as a controlled substance. Section 4.02(d)(2). Therefore, under the new statute, proof that a substance is methaqualone would be sufficient as a matter of law to prove it is a controlled substance.

■ The prosecutor in an attempt to prove that methaqualone was a dangerous drug under the provisions of Article 726d, V.A.P.C., offered a bottle bearing a label "Methaqualone" and also the words "Caution—Federal law prohibits dispensing without prescription." It was not shown that the bottle introduced had any connection with the transaction or the offense alleged in the indictment. The capsules

were not sold in that bottle. It was not shown where the bottle came from or whether the label was printed before the date of this offense. Since the state could only have offered the bottle and label for the truth of the matter stated on the label the appellant's objection that it was hearsay should have been sustained. See McCormick & Ray, Texas Law of Evidence, Sections 781, 782, 790; cf., Phenix v. State, 488 S.W.2d 759 (Tex.Cr.App.1973).

 The pertinent part of Article 726d, V.A.P.C., which was effective at the time of the transaction in question, provided:

"Sec. 2. For the purposes of this Act:

"(a) The term 'dangerous drug' . . . includes the following:

\*　　\*　　\*　　\*　　\*　　\*

"20. Any drug or device which bears the legend: Caution: Federal law prohibits dispensing without prescription, . . ."

The proper interpretation of this statute is that a drug or device is not a dangerous drug even though it bears the legend "Caution: Federal law prohibits dispensing without prescription" unless the federal law did provide that that drug or device be dispensed by prescription. Certainly it would not constitute a criminal offense under Article 726d, Section 2(a)(20), V.A.P.C., to dispense a drug or device bearing the legend "Caution: Federal law prohibits dispensing without prescription" unless the federal law did provide that that drug or device be dispensed only by prescription.

It was not until October 1, 1973, that federal law provided that methaqualone by name could be dispensed only by prescription. 38 Fed.Reg. 27519 (October 1, 1973); 21 CFR 1308.13 (1974).

 We are not holding that methaqualone was not a dangerous drug under the provisions of Article 726d, V.A.P.C., at the time of the alleged sale in this case, but we are holding that it was not shown in this case to be a dangerous drug.

.

Methaqualone is a sedative-hypnotic drug. AMA Drug Evaluation 312 (2nd ed. 1973); Physicians' Desk Reference 1115 (28th ed. 1974); A. Lewis, ed., Modern Drug Encyclopedia and Therapeutic Index 475 (12th ed. 1973); P. Stecher, ed., The Merck Index 672 (18th ed. 1968). The sale of hypnotic drugs was prohibited by Article 726d, Section 2(a)(4), V.A.P.C., at the time of the alleged sale in this case. The state could have offered expert testimony in this case that methaqualone was a hypnotic drug, and that would have supplied the deficiency in evidence. See Taylor v. State, supra; Beal v. State, supra; Wright v. State, supra; Henley v. State, supra.

The evidence is insufficient to support the conviction, and the bottle and label were erroneously admitted in evidence.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.