Danny Wayne BAILEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 56606.

Court of Criminal Appeals of Texas.

Jan. 11, 1978.

Johnny R. Kolenda, Houston, for appellant.

Carol S. Vance, Dist. Atty., William W. Burge and Ira L. Jones, II, Asst. Dist. Attys., Houston, for the State.

OPINION

ONION, Presiding Judge.

This is an appeal from an order revoking probation. On January 22, 1976 appellant entered a plea of guilty before the court to the offense of possessing a controlled substance, Tetrahydrocannabinols. His punishment was assessed at four (4) years' confinement, but the imposition of sentence was suspended and he was placed on probation subject to certain conditions.

On December 16, 1976 the State filed a motion to revoke probation alleging that appellant had been in possession of heroin on June 13, 1976, and had on the same date delivered heroin to W. J. Stewart.

On February 8, 1977 the court conducted a hearing on such motion, at which time the appellant entered a plea of "true," after which the court revoked probation and imposed sentence. Notice of appeal was given.

On appeal appellant only claims that the original indictment was fundamentally defective. Ordinarily collateral attacks are not permitted on the original conviction upon which probation has been revoked, but where fundamental error in the indictment, etc., are urged, such questions have been considered because to require a separate habeas proceeding to attack such a conviction would be to require a useless thing. *Ramirez v. State*, 486 S.W.2d 373 (Tex.Cr. App.1972); *Martinez v. State*, 494 S.W.2d 545 (Tex.Cr.App.1973); *Perkins v. State*, 504 S.W.2d 458 (Tex.Cr.App.1974); *Standley v. State*, 517 S.W.2d 538 (Tex.Cr.App. 1975).

Appellant contends the failure of the original indictment to allege that the controlled substance was not obtained directly from or pursuant to a valid prescription or order of a practitioner while acting in the course of his professional practice. Attention is called to Article 4476–15, § 4.04(a), Vernon's Ann.T.S. (Controlled Substances Act), which reads:

"Except as authorized by this Act, a person commits an offense if he knowingly or intentionally possesses a controlled

substance unless the substance was obtained directly from, or pursuant to, a valid prescription or order of a practitioner while acting in the course of his professional practice."

The indictment in relevant part alleges the appellant

". . . did then and there unlawfully, intentionally and knowingly possess a controlled substance, namely, Tetrahydrocannabinols . . . ." ·

We find appellant's contention to be without merit in light of § 5.10(a) of the Controlled Substances Act, which reads:

"It is not necessary for the state to negate any exemption or exception set forth in this Act in any complaint, information, indictment, or other pleading or in any trial, hearing, or other proceeding under this Act, and the burden of going forward with the evidence with respect to any exemption or exception shall be upon the person claiming its benefit."

Appellant's contention is overruled.

The judgment is affirmed.