JOHNSON, J., joins in dissent.

John Martin GEORGE, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 56186–56188.

Court of Criminal Appeals of Texas.

En Banc.

Jan. 11, 1978.

Charles E. Tobin, Dallas, for appellant.

Henry Wade, Dist. Atty., Ronald D. Hinds and C. Wayne Huff, Asst. Dist. Attys., Dallas, for the State.

OPINION

DOUGLAS, Judge.

Cause Numbers 56,186 and 56,188 are appeals from convictions for unlawfully obtaining phenmetrazine hydrochloride by the use of forged prescriptions. Cause No. 56,-187 is an appeal from a conviction for unlawfully obtaining methamphetamine hydrochloride by the use of a forged prescrip-

tion. In each case, appellant waived trial by jury and entered a plea of guilty before the court. Punishment was assessed at two years in each case.

Appellant contends that in each case there is a fatal variance in the indictment between the purport clause and the instrument set out according to its tenor.

In Cause Numbers 56,186 and 56,188, each indictment alleges the unlawful acquisition of phenmetrazine hydrochloride (preludin) in the purport clause while the forged prescription, by its tenor, specifies desoxyn (methamphetamine hydrochloride). The indictment in Cause No. 56,187 alleges the unlawful acquisition of methamphetamine hydrochloride in the purport clause while the tenor clause specifies preludin.

Appellant argues that the variance in each indictment between the purport and tenor clauses is a fatal defect. The purport clause in each indictment alleged one drug but the attached copy of the forged prescription named a different drug.

In forgery cases, it has always been the rule that where an indictment contains the tenor of a forged instrument the substance thereof need not be given. *Rhudy v. State*, 42 Tex.Cr.R. 225, 58 S.W. 1007 (1900). ". . . Where, however, the indictment contains a purport clause, that clause must correspond to the tenor of the instrument charged to be a forgery. Variances between descriptions in the tenor and purport clauses have been held to be fatal." 25 Tex.Jur.2d Forgery, Section 46, pp. 561–62 (1961) (footnotes omitted). This is what appears in the present case.

For the reasons stated, the judgments are reversed and the prosecutions are ordered dismissed.