Andrew Garrison CLARK, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 56080.

Court of Criminal Appeals of Texas, Panel No. 2.

Feb. 21, 1979.

R. L. Whitehead, Jr., Longview, for appellant.

Donald R. Ross, County Atty., and David P. Brown, Asst. County Atty., Henderson, for the State.

Before DOUGLAS, ROBERTS and ODOM, JJ.

## OPINION

DOUGLAS, Judge.

Andrew Garrison Clark appeals from his conviction for obtaining a controlled substance by use of a forged prescription. Vernon's Annotated Civil Statutes, Article 4476–15, Section 4.09(a)(3). Punishment was assessed by the court at five years. The sufficiency of the evidence is not challenged.

Clark contends the indictment is insufficient. He argues that obtaining a controlled substance by use of a forged prescription can only be prosecuted under the general forgery statute, that the indictment must allege specifically how the controlled substance was obtained by fraud and the indictment must allege that appellant delivered the false instrument to someone. We overrule these contentions and affirm.

V.A.C.S., Article 4476–15, Section 4.09(a), provides:

"It is unlawful for any person knowingly or intentionally:

"* * * *

"(3) to acquire or obtain possession of a controlled substance by misrepresentation, fraud, forgery, deception, or subterfuge;"

The indictment alleges that Clark,

". . . acting with intent to promote and assist the commission of the offense of obtaining possession of a controlled substance by use of a forged prescription, aid another person, to wit: John M. Joyner, to commit the said offense, by then and there making a false instrument and prescription in writing purporting to be the act of another, to wit: the act of C. Ben McKenzie, M. D., said prescription purporting to be a written prescription authorizing Mark Stowe, a false name, to acquire a controlled substance, namely: Pethidine, also known by the brand name of Demerol, which said false prescription was made without lawful authority and is to the tenor following: * * * (The prescription is omitted) And that said false prescription was made by the said Andrew Garrison Clark, Jr. knowingly and intentionally, . . ."

Clark argues that obtaining a controlled substance by use of a forged prescription can be prosecuted only under the general forgery statute. V.T.C.A., Penal Code, Section 32.21. He relies upon *Ex parte Harrell*, 542 S.W.2d 169 (Tex.Cr.App.1976), which held that possession of a forged prescription, conduct which was proscribed by both the criminal instruments (Section 16.-01) and forgery (Section 32.21) chapters of the penal code, could only be prosecuted as forgery. The Court reasoned that the forgery statute was more specific than the criminal instrument statute and we interpreted the legislative intent to allow prosecution only under the more specific statute. See *Alejos v. State*, 555 S.W.2d 444 (Tex.Cr.App.1977); *Jones v. State*, 552 S.W.2d 836 (Tex.Cr.App.1977).

In the instant case, Clark was prosecuted for obtaining a controlled substance with the forged prescription, which was specifically denounced by the statute. He

argues that this conduct is also proscribed by the forgery statute which deals with the use of a forged writing. One statute specifically deals with acquisition of the controlled substance and the other with the use of a forged writing in general. *Harrell* is not controlling. We hold that the prosecution and conviction for obtaining a controlled substance by use of a forged prescription under the specific statute was proper.

 Clark's two other contentions both deal with the specificity under which the offense must be charged. Normally, an indictment which sets forth the statutory language is sufficient to charge an offense. *White v. State*, 505 S.W.2d 258 (Tex.Cr.App. 1974); *Lopez v. State*, 494 S.W.2d 560 (Tex. Cr.App.1973). Complaints which relate to insufficient notice rather than to a jurisdictional defect should be raised by a motion to quash. In the absence of such a motion, a non-jurisdictional defect will not be considered for the first time on appeal. *Hughes v. State*, 561 S.W.2d 8 (Tex.Cr.App. 1978); *Terry v. State*, 517 S.W.2d 554 (Tex. Cr.App.1975).

 The instant indictment charges appellant, acting as a party under Section 7.02(a)(2) of the Penal Code, with obtaining a controlled substance by use of a forged prescription. The indictment tracks the language of Section 7.02(a)(2), then alleges the substantive offense in general descriptive terms and spells out specifically the use and contents of the forged prescription. Article 21.13, V.A.C.C.P., provides that:

> "Any indictment for an act done with intent to commit some other offense may charge in general terms the commission of such act with intent to commit such other offense."

The instant indictment alleges a violation of V.A.C.S., Article 4476–15, Section 4.09(a)(3) in general terms. The acts making him a party under V.T.C.A., Penal Code, Section 7.02(a)(2), were alleged. This was sufficient to charge the offense. We hold that the indictment is sufficient.

No error is shown. The judgment is affirmed.