**Ex parte Barry L. HUFF.**

**No. 61451.**

Court of Criminal Appeals of Texas,
En Banc.

July 18, 1979.

Michael L. Tobin, Huntsville, for appellant.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

DALLY, Judge.

This is a post-conviction writ of habeas corpus proceeding under the provisions of Art. 11.07, V.A.C.C.P.

The petitioner was convicted for the offense of forgery. The punishment, enhanced by proof that the appellant had been convicted of two prior felony convictions, is imprisonment for life.

The petitioner urges that the indictment on which he was convicted is fundamentally defective because it fails to allege all of the elements of the offense of forgery. A fundamentally defective indictment may be collaterally attacked in a post-conviction habeas corpus proceeding. *Ex parte Page*, 563 S.W.2d 822 (Tex.Cr.App. 1978).

The indictment on which the petitioner was convicted alleges that the petitioner " . . . on or about July 8, 1974, did then and there unlawfully with intent to defraud and harm, forge, by making a writing as follows: . . . " Then attached to the indictment is the photographic copy of a check, the alleged forged instrument.

The petitioner urges that since the indictment fails to allege that the purported maker of the check did not authorize the act, it fails to allege a necessary element of the offense. He relies on *Minix v. State*, 579 S.W.2d 466 (Opinion on the State's Motion for Rehearing) (Tex.Cr.App.1979). In that case we said:

"The element of forgery under Art. 797, V.A.P.C. (1925) of 'without lawful authority' has been brought forward in V.T. C.A., Penal Code Sec. 32.21(a)(1)(A)(i), which requires that the purported maker 'did not authorize the act' of making the writing . . .

"Although this prosecution was not for forgery by making under Sec. 32.-21(a)(1)(A), it was brought for forgery by possession with intent to utter under Sec. 32.21(a)(1)(C), which by reference expressly incorporates the elements of Sec. 32.21(a)(1)(A) and (B). Simple use of the word 'forge' in the indictment is insufficient to incorporate by reference the missing element."

*Minix v. State*, supra, is controlling and requires that we reverse the judgment in this cause. See also *Landry v. State*, 583 S.W.2d 620 (1979). The judgment is reversed and the prosecution under this indictment is ordered dismissed.