Roy John MORRELL, Appellant,

v.

The STATE of Texas, Appellee.

No. 57334.

Court of Criminal Appeals of Texas, Panel No. 1.

May 14, 1980.

Michael D. Matheny, on appeal only, Beaumont, for appellant.

Tom Hanna, Dist. Atty., John R. DeWitt and William G. Ogletree, Asst. Dist. Attys., Beaumont, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and ROBERTS and CLINTON, JJ.

## OPINION

ROBERTS, Judge.

The appellant was indicted for intentionally and knowingly delivering "a controlled substance, namely: Tuinal." * A jury found the appellant guilty and the court sentenced him to five years' confinement.

Tuinal never has been listed as a controlled substance in the penalty groups of subchapter 4 of the Texas Controlled Substances Act (V.A.T.S., Art. 4476–15). The State's theory was that Tuinal fell under the description "derivatives of barbituric acid." See Section 4.02(d) of the Texas Controlled Substances Act.

In Ex parte Wilson, 588 S.W.2d 905, 908–909 (Tex.Cr.App.1979), the Court stated:

"To state the rule generally, we hold that in a prosecution under the Controlled Substances Act for the manufacture, delivery, or possession of a substance not specifically named in a penalty group but

* There was another count which alleged unlawful dispensing of "a controlled substance, namely: Tuinal." The State elected to abandon that count.

which is otherwise described in a penalty group (for example, an isomer of methamphetamine), such description is an essential element of the offense which must be alleged in the indictment in order to state an offense."

The indictment failed to allege all that was necessary for the State to prove; thus it was fundamentally defective. The conviction cannot stand.

The judgment is reversed and the indictment is ordered dismissed.