Ex parte Jerry Stephen HOLBROOK.

No. 64979.

Court of Criminal Appeals of Texas, En Banc.

Dec. 23, 1980.

Henry Wade, Dist. Atty. and Karen Chilton Beverly, Asst. Dist. Atty., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S MOTION FOR REHEARING

CLINTON, Judge.

On original submission of this case, relief under the post-conviction provisions of Article 11.07, V.A.C.C.P., was granted in full. Subsequently, leave was granted for the filing of the State's motion for rehearing. Our original opinion is hereby withdrawn, and this opinion will be substituted therefor.

■ In the original opinion, the Court found that the indictment in Cause No. F–79–6693–HJ, returned in the Criminal District Court of Dallas County, was fundamentally defective. The opinion followed the reasoning of *Ex parte Russell*, 561 S.W.2d 844 (Tex.Cr.App.1978), which in turn relied on *Moore v. State*, 545 S.W.2d 140 (Tex.Cr.App.1978). *Moore* held that the criminal attempt provisions of V.T.C.A. Penal Code, § 15.01, do not apply to the Controlled Substances Act, Article 4476–15, V.A.C.S. (hereafter, the Act). But, as the State's motion points out, § 4.09(a)(3) of the Act was amended in 1979 to specifically include the "attempt to acquire or obtain possession of a controlled substance" in the description of offenses under that section. Acts 1979, 66th Leg., ch. 90, pp. 163, 165. This amendment was effective May 2, 1979, and the date of commission of the alleged offense is June 7, 1979. Therefore, the indictment in Cause No. F–79–6693–HJ was not fundamentally defective for the reason stated in the original opinion.

We conclude, however, that the indictment is fundamentally defective for another reason. To identify the substance sought to be acquired, the indictment alleges that petitioner fraudulently attempted to obtain possession of "a controlled substance, namely: Preludin." It is contended by petitioner and conceded by the State that Preludin is not expressly listed in the schedules and penalty groups of the Act. The State nevertheless argues that Preludin is a commercial name for phenmetrazine hydrochloride, a salt of phenmetrazine, and that phenmetrazine and its salts are contained in Schedule II [§ 2.04(e)(4)] and Penalty Group 3 [§ 4.02(d)(1)(D)] of the Act. Therefore, the State contends, an offense was alleged.

The State's contention is without merit for the reasons stated in *Ex parte Wilson*, 588 S.W.2d 905 (Tex.Cr.App.1979). In that case the indictment was for possession of phentermine, which was not named in a penalty group but was subject to regulation because it appeared in the schedules of the Act. The State's contention, that the in-

dictment was sufficient to state an offense because phentermine is an isomer of methamphetamine and thus within a penalty group, was rejected. It was held that this is an essential fact the State must prove to achieve a conviction. So it had to be alleged in the indictment. The same principle was applied to an indictment naming only "Tuinal," an unlisted substance said to be a preparation containing a derivative of listed barbitonic acid, in *Morrell v. State*, 598 S.W.2d 298 (Tex.Cr.App.1980). We decline the State's invitation to overrule *Wilson*. The instant indictment should have alleged what facts must be proved about Preludin that make it a controlled substance, and the failure to do so rendered the indictment fundamentally defective.

■ Regarding the indictment in Cause No. F–79–12148–RJ, the opinion on original submission held that a variance between the allegations of the purport and tenor clauses caused the indictment to be fundamentally defective. The variance seen was between the allegation in the purport clause that petitioner had unlawfully acquired "a controlled substance, namely Amphetamine," and the tenor clause showing that the forged prescription was for "Biphetamine." Yet, the indictment in the latter cause is not fundamentally defective in light of the most basic standard for testing it, as restated in *American Plant Food Corp. v. State*, 508 S.W.2d 598, 603 (Tex.Cr.App.1974):

> "If the charge alleges an offense was committed by the defendant, then it is sufficient in law to support a verdict of guilty if one be rendered thereon. If it does not so allege, then it is utterly insufficient and any conviction based thereon is void. A void conviction may be challenged at any time ..."

■ In order to provide a clearer understanding of what the argument is about in this cause, we set out the pertinent parts of the indictment (without editing several instances of questionable punctuation):

> "... that one Jerry Stephen Holbrook ... did then and there unlawfully, knowingly and intentionally acquire and obtain possession of a controlled substance, namely: Amphetamine, by misrepresentation, fraud, forgery, deception and subterfuge, in that said defendant, did then and there present to Nancy Starnes, a prescription for said controlled substance, said prescription purporting to prescribe said controlled substance for Carol Sewell, but which said prescription was then and there forged, in that it then and there purported to be but had not been written and signed by Bobby M. Via, M.D., which the said defendant well knew, and the said prescription was then and there of the tenor following:

> (here the face of a printed form prescription with handwritten data thereon is set out, the principal germane material being:

> 'Rx

> Biphetamine     20 mg #60')"[1]

These allegations were made by a scrivener who sought to state an offense under Section 4.09(a)(3) of the Act, supra, reading as follows:

> "(a) It is unlawful for any person knowingly or intentionally:
>
> \*   \*   \*   \*   \*   \*
>
> (3) to acquire [or] obtain ... possession of a controlled substance by misrepresentation, fraud, forgery, deception, or subterfuge; ..."

The question is whether an offense denounced by Section 4.09(a)(3) is stated by the instant indictment. We are convinced it does, without any fatal defect, by its language that is underscored *ante*.

■ Though not absolute, the general rule is that an indictment which tracks the statutory language proscribing conduct as penal is sufficient to charge an offense, *Clark v. State*, 577 S.W.2d 238, 240 (Tex.Cr.App.1979); but if the manner or means of doing an act makes otherwise innocent conduct a criminal offense, facts showing the offensive manner and means must be alleged, *Posey v. State*, 545 S.W.2d 162, 163 (Tex.Cr.App.1977). Thus, in this type of case the Court held in *Posey* that it is not enough to allege the statutory language

---

1. All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.

and an act of presenting to a named pharmacist a prescription purporting to prescribe a controlled substance for another person, since the latter act is not a criminal offense.[2] Additional facts leading to the legal conclusion that the accused knowingly and intentionally acquired and obtained possession of a controlled substance by misrepresentation, fraud, deception or subterfuge are required, *Posey*, supra, at 163.

Still, it has been held that allegations of the statutory language coupled with an averment of the means used, the passing of a forged prescription, is sufficient, and "it was unnecessary for the indictment to aver the elements of passing a forged writing in a case of obtaining a controlled substance by 'misrepresentation, fraud, forgery, deception, or subterfuge'," *Graham v. State*, 546 S.W.2d 605, 607 (Tex.Cr.App.1977). With that rationale the *Graham* court held it need not determine whether knowledge that the prescription was forged is an essential averment in this kind of case—in the instant case, of course, that knowledge is alleged. *Graham v. State*, supra, is, therefore, direct and controlling authority for upholding the indictment before us against the contention that it is *fundamentally* defective.[3]

**2.** "It is not a criminal offense to obtain a controlled substance for a friend or family member by presenting to a pharmacist a prescription prescribing a controlled substance for that friend or family member which had been properly obtained," *Posey*, supra, at 164.

**3.** Though in *Posey v. State*, supra, the Court went on to contrast the indictment allegations in two similar other causes against the accused with the one held insufficient, it is not to be taken as dictating that to be sufficient every indictment under Section 4.09(a)(3) of the Act alleging a forged writing must conform to the content and format of the indictments *Posey* upheld. Indeed, the current successor to one of the form books referred to in *Posey*, 7 Tex. Practice 130, Criminal Forms Annotated, Morrison and Blackwell, § 23.06, indicates in this sort of case that it is enough to specify the means as "using a forged instrument."

Thus reconciled, *Graham* and *Posey* do not teach different lessons for drafting a Section 4.09(a)(3) indictment.

**4.** The conclusion of the Court is expressed at 58 S.W. 1008:

■ Section 4.09(a)(3) does not require, as an element of its offenses, such purport and tenor clauses, as in a forgery indictment. No doubt *George v. State*, 560 S.W.2d 93 (Tex.Cr.App.1978) has provoked much of the difficulty. There in both causes under submission the "purport" clause of each indictment alleged one drug but the attached copy of the prescription named "a different drug," and without noticing as a guidepost the holding of *Graham v. State*, supra, that "it was unnecessary for the indictment to aver the elements of passing a forged writing" in such a case, the *George* opinion struck right off into principles of forgery cases; it cited only *Rhudy v. State*, 42 Tex.Cr.R. 225, 58 S.W. 1007 (1900), which examined "our system of pleading" a forgery offense extant eighty years ago to uphold the charge then under consideration,[4] and a section from Texas Jurisprudence Second Edition that addresses purport and tenor clauses in an indictment for forgery.[5] But neither the rule concerning setting out the tenor of the instrument in an indictment for forgery nor its rationale pertains to the gravamen of the offenses denounced by Article 4.09(a)(3) of the Act. In the latter the vice is obtaining possession of a controlled substance, the legislative

"... If, under our system of pleading, it is not necessary to set out in an indictment for forgery the name of the party intended to be injured or defrauded, and if it is not necessary to set out the purport clause, but merely to set out the instrument according to its tenor, then it would follow that it is not necessary to charge the name of the party forged to the instrument, but only necessary to allege, in accordance with the statute, as was done in this case, that the instrument was made by the defendant without lawful authority, and with intent to injure or defraud, and that said instrument purported to be the act of another than the defendant,—the instrument then being set out according to its tenor,—would be sufficient. We accordingly hold that the indictment in this case is good."

**5.** 25 Tex.Jur.2d 560–562, "Forgery" § 46 states the basic rule drawing a forgery indictment: "... With respect to an indictment based on a forged instrument, the rule is that, where possible, the instrument must be set out according to its tenor, or in haec verba, and that it is not enough to describe the instrument by its purport."

effort being to proscribe every possession of controlled substances unless authorized by the Act. Sections 4.03 and 4.04; see *Bailey v. State*, 559 S.W.2d 957 (Tex.Cr.App.1978). Thus, once it is alleged that a named controlled substance was acquired or obtained by misrepresentation, et cetera, by using a forged prescription, an offense is charged, and neither the purport nor the tenor of that prescription is of any consequence in alleging the offense.[6]

For these reasons an offense is alleged by the indictment in Cause No. F–79–12148–RJ.[7] Ground of error two is overruled.

The application for relief as to Cause No. F–79–6693–HJ is granted, and the application relating to Cause No. F–79–12148–RJ is denied. A copy of this opinion will be sent to the Sheriff of Dallas County, as well as to the Texas Department of Corrections.

ODOM, Judge, concurring in part and dissenting in part on State's Motion for rehearing.

I concur in the decision to grant relief in cause F'79–6693–HJ. I dissent to the decision to deny relief in cause F'79–12148–RJ.

In reaching its decision to deny relief, the majority hold that "amphetamine" and "biphetamine" in the indictment do not present a variance. The majority says:

"They [the State] allege, and we agree, that biphetamine is a commercial drug containing one half dextroamphetamine and one half amphetamine ... This, of course, would be subject to proof of these facts at trial."

The majority overlooks the rule that the place for the State to make its allegations is in the *indictment,* not in the brief on motion for rehearing.

The majority erroneously suppose that any allegation other than the one in this indictment would have violated *Ex parte Wilson*, Tex.Cr.App., 588 S.W.2d 905. In truth the opposite is the case. The majority reaffirm *Wilson*, in the first part of the opinion and violate it in the second. If the fact that biphetamine contains amphetamine is a matter for proof at trial rather than for allegation in the indictment, as the majority asserts, then why is the fact that phentermine is an isomer of methamphetamine not subject to the same rule? The majority admits the latter fact must be alleged, as held in *Wilson*, but contrariwise holds the former need not be alleged.

The indictment presents a variance on its face, and is to be judged on its face, not by what may be proven later. The indictment in cause F'79–12148–RJ should have alleged that petitioner unlawfully acquired "a controlled substance, namely biphetamine, containing the controlled substance amphetamine." Such an allegation would have eliminated the fatal variance between the tenor and purport clauses and would not have run afoul of *Ex parte Wilson*, supra.

For these reasons I dissent to the second part of the majority opinion.

ROBERTS, PHILLIPS and TOM G. DAVIS, JJ., join this opinion.

But one must resort to the earliest authority cited in support of this statement of the rule, *Thomas v. State*, 18 Tex.App. 213 (Ct.App. 1885) for an approved explanation of the rationale behind it, as given by Mr. Bishop, 2 Bish.Crim.Proc. (3rd Ed.) § 403, *viz*: "The object of such requirement is, as commonly stated, to enable the court to judge whether or not it is an instrument whereof forgery may be committed." And, it is significant to note, in his opinion in *Thomas v. State*, supra, Presiding Judge White took pains to point out that the rule in forgery cases is distinguishable from other offenses in which a written instrument might be involved, *id.*, at 221.

**6.** Merely making an unauthorized writing or possessing it with intent to utter it, as well as

actually uttering a forged writing, is proscribed by V.T.C.A. Penal Code, § 32.21, and the indictment *must* aver that the writing purports to be the act of another who did not authorize that act. *Minix v. State*, 579 S.W.2d 466 (Tex.Cr.App.1979); *Landry v. State*, 583 S.W.2d 620, 625 (Tex.Cr.App.1979, Opinion on Rehearing) and *Ex parte Huff*, 583 S.W.2d 774 (Tex.Cr.App.1979).

**7.** However, in this case, a better form of descriptive pleading is to allege that the accused acquired or obtained possession of "a controlled substance, namely: Amphetamine, contained in a preparation called Biphetamine ...," etc.