**Ex parte Bruce EVERETT.**

**No. 64568.**

Court of Criminal Appeals of Texas, En Banc.

July 14, 1982.

Robert Huttash, State's Atty., Austin, for the State.

OPINION

CLINTON, Judge.

This is an application for a postconviction writ of habeas corpus pursuant to Article 11.07, Vernon's Ann.C.C.P.

The petitioner alleges that he is unlawfully confined and restrained of his liberty by virtue of his convictions for obtaining a controlled substance by fraud which was founded upon a fundamentally defective indictment.[1]

The indictment alleges that:

"BRUCE EVERETT on or about the 13th day of July, in the year of our Lord, One Thousand Nine Hundred and Seventy-Seven in the County of Lamar and State of Texas, anterior to the presentment of this Indictment, did then, and there unlawfully knowingly and intentionally, acquire and obtain possession of a controlled substance, namely: Dilaudid by misrepresentation, fraud, deception, and subterfuge, in that the said defendant, did then and there present to Debbie Usry a prescription for said controlled substance for James Davis, whereas in truth and in fact, the real name of James Davis was a false name, and not the real and true name of said defendant, and said prescription was then and there of the tenor following: [Prescription for Dilaudid]."

Petitioner maintains that the indictment is fundamentally defective because dilaudid is not listed by name in the Controlled Substances Act. In July 1977, when the offense is alleged to have been committed, Section 4.09(a)(3) of the Texas Controlled Substances Act, Article 4476–15, V.A.C.S., (Act), provided:

"(a) It is unlawful for any person knowingly or intentionally:

&ast; &ast; &ast; &ast; &ast; &ast;

(3) to acquire or obtain possession of a controlled substance by misrepresentation, fraud, forgery, deception, or subterfuge..."

Furthermore, dilaudid was not listed by name in any penalty group prescribed by the Act. It is, however, a trade name for hydromorphone hydrochloride,[2] which at all pertinent times was listed in *Schedule II*, Section 2.04(b)(1)(K).[3] The question is whether in such circumstances each indictment is fundamentally defective. We find they are.

In *Ex parte Holbrook*, 609 S.W.2d 541 (Tex.Cr.App.1980) the indictment for fraudulently attempting to obtain possession of "a controlled substance, namely: Preludin" was found invalid because:

"The instant indictment should have alleged what facts must be proved about Preludin that make it a controlled substance, and the failure to do so rendered the indictment fundamentally defective." *Id.*, at 543.[4]

Accordingly, the writ is granted, the convictions in Cause Nos. 7781 and 7782 are vacated and set aside and the indictments

1. There are two cases: No. 7781 is for an offense on July 13, 1977 for which appellant was ultimately assessed punishment at confinement for a term of seven years; the other is No. 7782 for a like offense on July 9, 1977, in which appellant was continued on probation for a term of ten years. There was no appeal from those actions of the trial court taken October 31, 1977.

2. See Physicians Desk Reference (36th Ed. 1982) 413, 1008.

3. We note that in providing punishment for fraud offenses Section 4.09(b) relates a controlled substance to its classification by *schedules* in Subchapter 2 of the Act, rather than to *penalty groups* in Subchapter 4. (All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.)

4. This holding was with respect to trial court Cause No. F–79–6693–HJ. The other indictment considered in *Ex parte Holbrook, supra,* at 543–545, trial court Cause No. F–79–12148–RJ, did allege fraudulently obtaining possession of "a controlled substance, namely: Amphetamine." The opinion of the Court held:

"Thus, once it alleged that a *named* controlled substance was acquired or obtained by misrepresentation, et cetera, by using a forged prescription, an offense is charged...," *id.*, at 545.

The dissenting opinion would have required that the latter indictment also allege acquisition of "a controlled substance, namely biphetamine, containing the controlled substance amphetamine," *id.*, at 545, to comply with its reading of *Ex parte Wilson*, 588 S.W.2d 905 (Tex. Cr.App.1979). All seem to agree, then, that it is not enough simply to give the trade name of a substance which is not listed in a schedule of controlled substances. That is what we hold today.

are dismissed. Therefore, petitioner is released from custody and every manner of restraint in his personal liberty as a consequence of the convictions. The Clerk of this Court is directed to forward a copy of this opinion to the Texas Department of Corrections.

It is so ordered.

W. C. Davis, Judge, dissenting.

The majority holds that the indictment is fundamentally defective because Dilaudid is not listed by name in the Controlled Substances Act. Section 2.02 of the Controlled Substances Act provides:

"The Controlled substances listed or to be listed in the schedules in Schedule I, II, III, IV, and V and Penalty Groups 1, 2, 3 and 4 *are included by whatever official, common, usual, chemical, or trade name they may be designated.*" (Emphasis added)

Dilaudid, the trade name for hydromorphone hydrochloride, is a controlled substance. See Art. 4476–15, Sec. 4.02(b)(3)(A)(x), V.A.C.S. Each element of the offense has been set forth in the indictment, thus, the indictment is not fundamentally defective. That Dilaudid is not specifically named in the Controlled Substances Act is a matter which would go to adequate notice of the offense charged rather than the sufficiency of the indictment to invoke the jurisdiction of the court. See *Drumm v. State*, 560 S.W.2d 944 (Tex.Cr.App.1977). In the absence of a motion to quash, the instant indictment is sufficient. See Article 21.11, Vernon's Ann.C.C.P.

The relief requested should be denied.