**468**

Ex parte Michael William MADDEN.

No. 69039.

Court of Criminal Appeals of Texas,
En Banc.

Feb. 16, 1983.

Michael William Madden, pro se.

Henry Wade, Dist. Atty. and Gregg Long, Asst. Dist. Atty., Dallas, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION ON STATE'S MOTION FOR REHEARING

CAMPBELL, Judge.

Relief was granted in a Per Curiam Opinion delivered November 3, 1982. 641 S.W.2d 564. We now decide the case on rehearing before the Court en banc. A post-conviction application for writ of habeas corpus was filed pursuant to Article 11.07, V.A.C.C.P.

Appellant was convicted of the offense of aggravated robbery in a jury trial in Cause No. F79–11884–RL in the Criminal District Court No. 5 of Dallas County. Punishment, enhanced by a prior conviction, was assessed by the jury at sixteen years. Sentence was pronounced on February 1, ,1980. The conviction relied upon for enhancement was based on an indictment which alleged:

"... [Michael William Madden] did unlawfully and intentionally possess a controlled substance namely: hydromorphone sulfate ...."

On original submission this Court held that the inclusion of the term "sulfate" in the allegation rendered the indictment fundamentally defective. Specifically, the Court held, "The drug hydromorphone sulfate is not listed as a controlled substance in the Texas Controlled Substances Act. [V.A.T.S., Art. 4476–15.] *Ex parte Howeth,* 609 S.W.2d 540 [Tex.Cr.App., 1980], *Jackson v. State,* 518 S.W.2d 371 [Tex.Cr.App., 1975]."

At the onset of this discussion it must be noted that "hydromorphone" is and has since 1973, been designated by name[1] a Schedule II and Penalty Group I controlled substance:

---

1. All emphasis is supplied throughout by the writer of this opinion unless otherwise indi-    cated.

"(a) Schedule II shall consist of the controlled substance listed in this section.

"(1) Opium and opiate, and any salt, compound, *derivative,* or preparation of opium or opiate, . . . including the following:

"* * *

"K. Hydromorphone."

The Court erroneously relied upon the authority of *Ex parte Howeth,* supra, and *Jackson v. State,* supra, in determining the instant indictment was void. In both *Howeth* and *Jackson* indictments were returned alleging possession of "methaqualone." At the time of indictment, "methaqualone" was *not* specifically named a controlled substance.[2] Since hydromorphone was listed as a controlled substance in April, 1977, when appellant was indicted, this issue is not contested. The dispositive issue presented becomes, whether or not for purposes of indictment, "hydromorphone sulfate" and "hydromorphone" are analogous.

In *Ex parte Everett,* 635 S.W.2d 554, 555 (Tex.Cr.App.1982) this Court recently examined whether or not the trade name "Dilaudid" was sufficient to sustain an indictment for possession of hydromorphone. In concluding the trade name was not sufficient Judge Clinton noted:

"It is, however, a trade name for hydromorphone hydrochloride, which at all pertinent times was listed in Schedule II, Section 2.04(b)(1)(K)." [Footnotes omitted]. *Ex parte Everett,* supra.

The term "hydromorphone hydrochloride" appears nowhere in the statute. Rather, the court recognized and chose to accept that the inclusion of "hydrochloride" did not alter the inherent nature of the substance, hydromorphone. We note that hydromorphone hydrochloride and hydromorphone sulfate are both *derivatives* of dihydromorphinone hydrochloride. See American Drug Index, 1982, 26th Ed., p. 301. We further note that both hydromorphone hydrochloride and hydromorphone sulfate are classified as analgesic narcotics. See Amer-

ican Drug Index, supra. It is readily apparent from an examination of the chemical components of these two drugs that the only difference lies in the additives, i.e., "hydrochloride" and "sulfate." See American Drug Index, supra. We conclude, therefore, that hydromorphone, as listed in the Texas Controlled Substances Act, necessarily includes both the preparation hydromorphone "hydrochloride" and hydromorphone "sulfate." For this Court to hold that the indictment in the case at bar is fundamentally defective because it alleges the possession of hydromorphone sulfate would preponderate against the greater weight of scientific and legal reasoning. The appellant in the case at bar was necessarily given more notice by the indictment than is required by constitutional and statutory mandates. No valid distinction can be advanced which justifies holding "hydromorphone hydrochloride" is hydromorphone while "hydromorphone sulfate" is not. We therefore decline to do so.

No fundamental error was demonstrated; the relief sought is denied.

TEAGUE, J., concurs in the result.

TOM G. DAVIS, MILLER and CLINTON, JJ., dissent.

---

2. The Texas Controlled Substances Act was enacted August 27, 1973, specifically naming "methaqualone" a controlled substance.