

# NUMBER 13-10-00339-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

BILLIE JEAN AVERY,                                          Appellant,

v.

THE STATE OF TEXAS,                                        Appellee.

### On appeal from the 156th District Court
### of Bee County, Texas.

# DISSENTING OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Perkes**
**Dissenting Opinion by Justice Perkes**

The majority's opinion is premised on a mistaken notion that the 1989 recodification of the controlled-substances fraud statute was a substantive change in the law. On that premise, the majority interprets the meaning of "fraudulent prescription form" so narrowly that it would be virtually impossible to violate the statute by use of a fraudulent prescription form. The majority effectively defeats the Legislature's intent to

1

prohibit fraudulent procurement of controlled substances using a fraudulent prescription form.  For these reasons, I respectfully dissent.

When interpreting a statute, a reviewing court considers the entire act, its nature and object, and the consequence that would follow from each construction.  *Boykin v. State,* 818 S.W.2d 782, 785 (Tex. Crim. App. 1991).  A court must reject any statutory interpretation that defeats the legislative purpose.  *Id.*  Under the Code Construction Act, even when a statute is not ambiguous on its face, a court may consider several factors to determine the Legislature's intent and these factors include (1) the object sought to be obtained; (2) the circumstances of the statute's enactment; (3) the legislative history; (4) the common law or former statutory provisions, including laws on the same or similar subjects; and (5) the consequences of a particular construction.  *See* TEX. GOV'T CODE ANN. §§ 311.023(1)-(5), 312.008 (West 2005).  When the same or a similar term is used in the same connection in different statutes, the term will be given the same meaning in one as in the other, unless there is something to indicate that a different meaning was intended.  *Beedy v. State*, 194 S.W.3d 595, 601 (Tex. App.—Houston [1st Dist.] 2006), *aff'd on other grounds*, 250 S.W.3d 107 (Tex. Crim. App. 2008).

Contrary to the majority's premise, when the Legislature recodified the predecessor statute to list "forgery" and "use of a fraudulent prescription form" in separate clauses, the revision was not intended to be substantive.  The revision was made pursuant to Texas Government Code section 323.007, which requires the Texas Legislative Council to make a complete, non-substantive recodification of Texas statutes.  *See* TEX. GOV'T CODE ANN. § 323.007.  Accordingly, at the beginning of the

session law in which the Health and Safety Code was created, the Legislature stated that the changes did not affect the substance of the law. Act of May 18, 1989, 71st Leg., R.S., Preamble, 1989 Tex. Gen. Laws 2230, 2230. The session law contains a repeal of the predecessor statute and an enactment of the recodified statute as part of the Health and Safety Code. *Compare Id.*, ch. 678, § 13, 1989 Tex. Gen. Laws at 3165 (repealing prior statute) *with* § 1, 1989 Tex. Gen. Laws at 2942 (recodifying fraud provision as section 481.129 of the Health and Safety Code).

The Court of Criminal Appeals wrote, in *Ex parte Holbrook*, that the aim of the fraud statute is to proscribe every possession of a controlled substance unless authorized by the Texas Controlled Substances Act. 609 S.W.2d 541, 544-45 (Tex. Crim. App. 1980) (en banc) (discussing the predecessor statute, Tex. Rev. Civ. Stat. Ann. art. 4476-15, § 4.09(a)(3) (West 1979)). The majority, by effectively holding that only proof of a *counterfeit prescription form* can be used to prove the offense in this case, defeats the Legislature's intent. The majority's case authority does not support its holding. Under the majority's interpretation, an offense for "use of a fraudulent prescription form" can never overlap with an offense for misrepresentation, fraud, forgery, deception, or subterfuge. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.129, (a)(5)(A), (B) (West 2003). Under the majority's interpretation, to violate the act by use of a fraudulent prescription form, one would have to try to obtain a controlled substance using only a blank counterfeit prescription form, so as not to overlap with the forgery clause. This approach is clearly not the intent of the law. In addition, the majority's narrow interpretation is inconsistent with the misdemeanor statute which on its face parallels the statute at issue by proscribing an offense for altering a written prescription,

3

followed by an offense for attempting to obtain a dangerous drug by a fraudulent telephone call. *Compare* TEX. HEALTH & SAFETY CODE ANN. § 483.045 (West 2003) *with* § 481.129 (a)(5)(A)-(C).

It is undisputed appellant admitted to the police that she altered the prescription form. As argued by the State on appeal, the State was required to prove the appellant knowingly obtained or attempted to possess or obtain a controlled substance through use of a fraudulent prescription form. Therefore, when appellant altered the prescription form, it became fraudulent. The statute does not require the State to prove more to meet its burden of proof. This interpretation is consistent with Health and Safety Code section 481.075 which, as quoted by the majority, defines an "official prescription form" for a schedule II controlled substance to include potentially "handwritten" information such as the patient's birth date, type and quantity of the controlled substance, and the prescriber's signature. *See id.* § 481.075 (e)(1)(C) ,(F), (G)(3) (West 2003); *see also Beaty v. State*, 156 S.W.3d 905, 906 & 910 (Tex. App.—Beaumont 2005, no pet.) (affirming conviction for attempting to obtain a controlled substance by use of a fraudulent prescription form when defendant wrote purported prescription on a sheet from a stolen prescription pad). For these reasons, the trial court's judgment should be affirmed.

_____
Gregory T. Perkes
Justice

Publish
TEX. R. APP. P. 47.2(b)

Delivered and filed the
31st day of March, 2011.

4