NUMBER 13-10-00339-CR

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT OF TEXAS

 

CORPUS CHRISTI - EDINBURG  







 

BILLIE JEAN AVERY,                                                                   Appellant, 

 

  v.

 

THE STATE OF TEXAS,                                  
                  Appellee.







                                                                                                                     
  

On appeal from the 156th District Court 

of Bee County, Texas.







                                                                                                              


DISSENTING OPINION

 

Before Chief Justice Valdez and Justices Rodriguez
and Perkes   

Dissenting Opinion by Justice Perkes  

 

The majority’s opinion is
premised on a mistaken notion that the 1989 recodification of the
controlled-substances fraud statute was a substantive change in the law.  On
that premise, the majority interprets the meaning of “fraudulent prescription
form” so narrowly that it would be virtually impossible to violate the statute
by use of a fraudulent prescription form.  The majority effectively defeats the
Legislature’s intent to prohibit fraudulent procurement of controlled
substances using a fraudulent prescription form.  For these reasons, I
respectfully dissent.

When interpreting a statute,
a reviewing court considers the entire act, its nature and object, and the
consequence that would follow from each construction.  Boykin v. State,
818 S.W.2d 782, 785 (Tex. Crim. App. 1991).  A court must reject any statutory
interpretation that defeats the legislative purpose.  Id.  Under the
Code Construction Act, even when a statute is not ambiguous on its face, a
court may consider several factors to determine the Legislature's intent and
these factors include (1) the object sought to be obtained; (2) the
circumstances of the statute’s enactment; (3) the legislative history; (4) the
common law or former statutory provisions, including laws on the same or
similar subjects; and (5) the consequences of a particular construction.  See
Tex. Gov't Code Ann. §§
311.023(1)-(5), 312.008 (West 2005).  When the same or a similar term is used
in the same connection in different statutes, the term will be given the same
meaning in one as in the other, unless there is something to indicate that a
different meaning was intended.  Beedy v. State, 194 S.W.3d 595, 601 (Tex.
App.—Houston [1st Dist.] 2006), aff’d on other grounds, 250 S.W.3d 107
(Tex. Crim. App. 2008).  

Contrary to the majority’s
premise, when the Legislature recodified the predecessor statute to list “forgery”
and “use of a fraudulent prescription form” in separate clauses, the revision
was not intended to be substantive.  The revision was made pursuant to Texas
Government Code section 323.007, which requires the Texas Legislative Council to make
a complete, non-substantive recodification of
Texas statutes.  See Tex. Gov’t
Code Ann. § 323.007.  Accordingly, at the beginning of the session law
in which the Health and Safety Code was created, the Legislature stated that
the changes did not affect the substance of the law.  Act of May 18, 1989, 71st
Leg., R.S., Preamble, 1989 Tex. Gen. Laws 2230, 2230.  The
session law contains a repeal of the predecessor statute and an enactment of
the recodified statute as part of the Health and Safety Code.  Compare Id., ch.
678, § 13, 1989 Tex. Gen. Laws at 3165 (repealing prior statute) with §
1, 1989 Tex. Gen. Laws at 2942 (recodifying fraud provision as section 481.129
of the Health and Safety Code).   

The Court of Criminal
Appeals wrote, in Ex parte Holbrook, that the aim of the fraud statute is
to proscribe every possession of a controlled substance unless authorized by
the Texas Controlled Substances Act.  609 S.W.2d 541, 544-45 (Tex. Crim. App.
1980) (en banc) (discussing the predecessor statute, Tex. Rev. Civ. Stat. Ann.
art. 4476-15, § 4.09(a)(3) (West 1979)).  The majority, by effectively holding
that only proof of a counterfeit prescription form can be used to prove
the offense in this case, defeats the Legislature’s intent.  The majority’s
case authority does not support its holding.  Under the majority’s
interpretation, an offense for “use of a fraudulent prescription form” can
never overlap with an offense for misrepresentation, fraud, forgery, deception,
or subterfuge.  See Tex. Health
& Safety Code Ann. § 481.129, (a)(5)(A), (B) (West 2003). 
Under the majority’s interpretation, to violate the act by use of a fraudulent
prescription form, one would have to try to obtain a controlled substance using
only a blank counterfeit prescription form, so as not to overlap with the
forgery clause. This approach is clearly not the intent of the law.  In
addition, the majority’s narrow interpretation is inconsistent with the
misdemeanor statute which on its face parallels the statute at issue by
proscribing an offense for altering a written prescription, followed by an
offense for attempting to obtain a dangerous drug by a fraudulent telephone
call.  Compare Tex. Health &
Safety Code Ann. § 483.045 (West
2003) with § 481.129 (a)(5)(A)-(C).

It is undisputed appellant
admitted to the police that she altered the prescription form.  As argued by the
State on appeal, the State was required to prove the appellant knowingly
obtained or attempted to possess or obtain a controlled substance through use
of a fraudulent prescription form.  Therefore, when appellant altered the
prescription form, it became fraudulent.  The statute does not require the
State to prove more to meet its burden of proof.  This interpretation is
consistent with Health and Safety Code section 481.075 which, as quoted by the
majority, defines an “official prescription form” for a schedule II controlled
substance to include potentially “handwritten” information such as the
patient’s birth date, type and quantity of the controlled substance, and the
prescriber’s signature.  See id. §
481.075 (e)(1)(C) ,(F), (G)(3) (West 2003); see also Beaty v. State,
156 S.W.3d 905, 906 & 910 (Tex. App.—Beaumont 2005, no pet.) (affirming
conviction for attempting to obtain a controlled substance by use of a
fraudulent prescription form when defendant wrote purported prescription on a
sheet from a stolen prescription pad).  For these reasons, the trial court’s
judgment should be affirmed.    

                                                                                    ______________________

                                                                                         Gregory
T. Perkes

                                                                                         Justice

Publish

Tex. R. App. P. 47.2(b)

 

Delivered
and filed the

31st
day of March, 2011.