Lyle Brown, Justice. Ralph Lewis and wife brought suit for damages against Gardner Engineering Corporation and its employee, Travis Green, for injuries sustained while employed by S.O.G. of Arkansas, as a pile driving foreman on Lock and Dam No. 4 near Pine Bluff. Gardner Engineering manufactured the pile driver that became unhitched and caused the steel piling to fall upon Lewis. It was the theory of Lewis that poor workmanship caused a defect in the hitching device made into the pile driver. On motion of Gardner Engineering for summary judgment the trial court held that S.O.G. of Arkansas was a joint venture entered into by Gardner Engineering and San Ore Construction Co., a partnership for the sole and exclusive purpose of bidding upon and performing the construction on Lock and Dam No. 4; that Ralph Lewis as employee and S.O.G. as employer were subject to the Arkansas Workmen’s Compensation Law; and that the employee of a joint venture is barred from claiming in tort against one of the joint venturers, the exclusive remedy being under the workmen’s compensation act. Appellants contend it was error to apply the general rule than an individual member of a joint business adventure is exempt from tort liability under the workmen’s compensation law “because in this case a joint adventure was of itself an employing entity, separate and distinct from the parties thereto”. Appellants recognize the general rule which we follow, namely, that a joint venturer who is also an employer is immune from tort liability under the workmen’s compensation law. Smith v. Rodgers, Admx., 251 Ark. 994, 477 S.W. 2d 831 (1972). The rule has been well stated thusly: It has been held that unlike a partnership, a joint adventure is not a distinct legal entity separate and apart from the parties composing it, and consequently an employee of a joint adventure is an employee of each of the joint adventurers under ordinary principles of agency, and the liability of the joint adventures and their insurance companies for workmen’s compensation to such employee is joint and several. Personal Injury — Actions, Defenses, Damages, Vol. 4 D, Chapter on Joint Adventurers and Partnerships, § 1.03, p. 174. Under their first point for reversal appellants contend that the parties went much further than creating a joint venture— “so far in fact as to create a separate employing entity.S.O.G. of Arkansas was so autonomous, so vested with independent control, as to take on the nature of a de facto corporation”. Appellants point to the provisions in the agreement of joint venture for each party to appoint a designee and alternate designees to act for it with full and complete authority over problems arising out of the joint venture. They also point up a provision governing the settlement of any dispute between the venturing parties or between their designees, which provision provides for full and complete arbitration of the problem or problems. Appellants cite other working provisions of the venture to sustain their position that a separate employing entity was in fact established. Of course the purpose of the argument is to sustain appellants’ position that Gardner Engineering Corporation was a third party rather than an employer within the contemplation of the workmen’s compensation act. Ark. Stat. Ann. § 81-1302 (a) (Repl. 1960). Appellants cite not a single authority which sustains their position that the nature of the organization of S.O.G. removes it from the general rule we applied to joint ventures in Smith v. Rodgers. Appellants rely heavily on Abbott v. United States, 207 F. Supp. 468 (1962). Steers, Inc., was a member of a joint venture which constructed an offshore radio tower for the United States Navy. The work was completed and the joint venture terminated in 1957. Three years later, Steers alone contracted to perform repair work on the tower and while so engaged the tower collapsed and the decedents were on it. The deaths were covered by workmen’s compensation provided by Steers alone. The death actions against the joint venture were predicated upon the original design and construction and Steers argued that there could be no recovery against it as a joint venturer. The court sustained plaintiffs’ theory of possible liability of the joint venture, giving two reasons. First, it was said that the joint venture was not responsible for workmen’s compensation for the deaths. Second, it was pointed out that some of the decedents were not employed by Steers until after the joint venture ended. This case fails as a precedent for appellants’ position because in the case at bar Gardner Engineering is responsible for payment of workmen’s compensation payments to appellant Ralph Lewis. It is nothing more than a coincidence that Gardner, one of the joint venturers, happens to have manufactured the hoist. The final argument is that Gardner should be es-topped from invoking the exclusive remedy provision of the compensation law “in order to escape its liability as the manufacturer of a product separate and apart from the joint venture”. We find no merit in the argument. Gardner is discharging its responsibility to Ralph Lewis as an employee. And under the law, which was settled in Smith v. Rodgers, that is the extent of Gardner’s obligation. Affirmed. Fogleman, J., dissents.