Nathaniel SHAW, Appellant,

v.

The STATE of Texas, Appellee.

No. 50891.

Court of Criminal Appeals of Texas.

Nov. 5, 1975.

Jack D. Bryant, Dallas, for appellant.

Henry Wade, Dist. Atty., Steve Wilensky, Paul Macaluso, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

In a trial before a jury, appellant was convicted of unauthorized use of a motor vehicle.[1] Punishment, enhanced under V.T.C.A. Penal Code, Section 12.42(a)[2] was assessed at twelve years.

Appellant's court appointed counsel has filed a brief in which he states that after examination of the record he has determined that the appeal is frivolous and without merit. He has submitted two grounds of error which, he says, might arguably support the appeal. The record discloses that a copy of this brief was timely furnished appellant, who was advised of his rights to personally review the record and file a pro se brief. See *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493; *Gainous v. State*, Tex.Cr.App., 436 S.W.2d 137. No pro se brief has been filed.

■ The first ground of error raises the contention that the evidence is not sufficient to support the conviction.

The testimony of Curtis Anderson and David Scoggins establishes that Anderson's 1970 gold Pontiac Firebird automobile was stolen from Scoggins' parking lot in Dallas

1. V.T.C.A. Penal Code, Section 31.07, which provides:

   "(a) A person commits an offense if he intentionally or knowingly operates another's boat, airplane, or motor-propelled vehicle without the effective consent of the owner.

   "(b) An offense under this section is a felony of the third degree."

2. Section 12.42(a)—"If it be shown on the trial of a third-degree felony that the defendant has once before been convicted of any felony, on conviction he shall be punished for a second-degree felony."

between 6:00 p. m. and 7:00 p. m. May 29, 1974. The theft was reported to the Dallas Police Department.

At about 5:45 p. m. May 30, 1974, Police Officer Gregg Floyd, while on duty in his marked police car, had occasion to attempt to stop a 1970 gold Pontiac Firebird in Dallas for driving on the wrong side of the street and speeding. A chase by Floyd of the car ensued, during which the officer learned by police radio that the car had been reported stolen. Floyd testified that as the car approached a shopping center the lone occupant jumped out of the moving car and began running. The driverless car collided with a parked car and stopped. After pursuing the driver of the car, who had run for about 150 yards across a parking lot, Floyd caught up with and arrested him. The officer positively identified this man as being appellant. According to Floyd, at one time during the car chase he was able to drive his car alongside of the Pontiac, and look inside the car. There was no passenger in the car, and Floyd identified appellant as being the driver.

Appellant testified, denying having taken the car from the parking lot on May 29. He admitted being in the Pontiac on the 30th during the chase, saying that he had been picked up by a friend who was driving it and was riding as a passenger without knowing the car had been stolen. He said he jumped from the moving car after the driver had done so, and admitted running from the officer and being caught by him.

Anderson, the owner, and Scoggins, the parking lot attendant, testified that no consent was given appellant or anyone else to take the Pontiac from the lot. Anderson identified the car in which appellant was riding when chased by Officer Floyd as being his car and testified that appellant did not have his consent to operate it at that or any other time.

Issues of fact were raised by the evidence for the jury's determination. The evidence is sufficient to support the conviction.

◼ In his second ground, counsel for appellant contends that since appellant's prior conviction used for enhancement of the punishment under V.T.C.A., Penal Code, Section 12.42(a), supra, occurred before the effective date of the new penal code, and particularly of said Section 12.42(a), his punishment as a second offender under said Section would be invalid because the enhancement part of the statute would be an ex post facto law and, therefore, in conflict with Article 1, Section 10 of the United States Constitution.

In *Vasquez v. State*, Tex.Cr.App., 477 S.W.2d 629, a similar contention was made in an appeal from a conviction for possession of marihuana in which the punishment was enhanced in accordance with Article 725b, Section 23(1), V.A.P.C., as amended. This Court, in overruling defendant's contention, said:

"It is well settled that a conviction which occurred prior to the enactment of a statute providing for increased punishment upon a subsequent conviction may be used for enhancement purposes under that statute, and that such usage is not unconstitutional as being an ex post facto application of the statute." Citing many authorities.

The opinion adds:

"The reason that a conviction which occurred before the statute was enacted may be used for enhancement is that the statute providing for a greater penalty upon a subsequent conviction does not seek to punish the offender for the original criminal act a second time, but rather 'The repetition of criminal conduct aggravates. . . . guilt and justifies heavier penalties . . .' *Graham v. West Virginia, 224 U.S. 616, 623, 32 S.Ct. 583, 585, 56 L.Ed. 917 (1912)."*

For the reasons stated in *Vasquez*, supra, the second ground of error is overruled.

A review of the record does not disclose any unassigned error which should be con-

sidered in the interest of justice. See Article 40.09, Section 13, V.A.C.C.P.

The judgment is affirmed.

Opinion approved by the Court.

DOUGLAS, J., not participating.

DOUGLAS, J., not participating.

