Joe GRAHAM, Appellant.

v.

The STATE of Texas, Appellee.

No. 50234.

Court of Criminal Appeals of Texas.

Feb. 2, 1977.

Rehearing Denied Feb. 23, 1977.

Pat McDowell, Dallas, on appeal only, for appellant.

Henry Wade, Dist. Atty., W. T. Westmoreland, Jr., Gerald A. Banks and Winfield Scott, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for obtaining a controlled substance, phenmetrazine, by use of a forged prescription. Punishment, enhanced by two prior felony convictions less than capital, was life.

The indictment alleged that the offense occurred on or about September 17, 1973, and the record reflects that trial began on July 31, 1974.

The record reflects that appellant obtained the drug in question by presenting a prescription purporting to be signed by Dr. Tim Reedy. Dr. Reedy testified that the signature on the prescription was not his. The pharmacist recognized that the signature did not belong to Dr. Reedy and took steps which resulted in the arrest of appellant as he was leaving the pharmacy. Appellant testified that he was having the prescription filled for a person whose first name was David and that he did not know that there was anything wrong with the prescription. The State then called a clerk from another pharmacy in Dallas who testified that appellant had attempted to pass another prescription purporting to be signed by Dr. Reedy about five days prior to the primary offense, but left the pharmacy after the pharmacist picked up a telephone as if to make a call.

■ By way of supplemental brief filed in this Court, appellant contends that the indictment is fundamentally defective in that the indictment failed to allege that appellant knew that the prescription was forged. We review such question in the interest of justice under the provisions of Art. 40.09, Sec. 13, V.A.C.C.P.

In the instant case, the indictment alleged in pertinent part that appellant,

"did then and there knowingly and intentionally acquire and obtain possession of a controlled substance, namely: Phenmetrazine by misrepresentation, fraud, forgery, deception, and subterfuge, in that he, the said defendant, did then present to Myrtle Vincent, a prescription for said controlled substance, for David Jordan, but which said prescription was then and there forged in that it then and there purported to but had not been written and signed by Dr. Tim Reedy, and the said prescription was then and there of the tenor following:

TIM REEDY, M.D.

INTERNAL MEDICINE
Reg. No. 8010
Oak Cliff Medical & Surgical Assocation – South
233 West 10th    DALLAS, TEXAS  75208    Phone 946-5191

For DAVID JORDAN

Address 301 N. BOYD            Date Sept. 17 - 73

Rx

Preludin Endurets

75 mg.    XXX (30)

Sig.    ÷ one each A.M.

(Appitite) [sic]

AR 7249740

/s/ Tim Reedy                                    M.D."

Section 4.09 of the Controlled Substances Act provides in pertinent part:

"(a)   It is unlawful for any person knowingly or intentionally:

\*    \*    \*    \*    \*    \*

(3)   to acquire or obtain possession of a controlled substance by misrepresentation, fraud, forgery, deception, or subterfuge."

The indictment followed the terms of Section 4.09(a)(3), supra, when it alleged that appellant knowingly and intentionally acquired a controlled substance by "misrepresentation, fraud, forgery, deception, and subterfuge."

This, coupled with an averment of the means used, the passing of a forged prescription was sufficient to put appellant and his attorney on notice of the crime for which he was charged. See *Baldwin v. State*, Tex.Cr.App., 538 S.W.2d 109; *Vaughn v. State*, Tex.Cr.App., 530 S.W.2d 558.

In *Baldwin v. State*, supra, it was held that in a credit card abuse case in which it was alleged that the defendant "did then and there unlawfully, knowingly and intentionally steal a Master Charge credit card belonging to and from Brenda White," it was unnecessary for the indictment to aver that the credit card was taken with the intent to deprive the owner of the property.

In *Gonzales v. State*, Tex.Cr.App., 517 S.W.2d 785, it was held that "the constituent elements of the particular theft or intended theft need not be alleged in an indictment or information for burglary with intent to commit theft."

■   We need not determine whether knowledge that the prescription was forged is an essential averment in an indictment for passing a forged instrument since we conclude that it was unnecessary for the indictment to aver the elements of passing a forged writing in a case of obtaining a controlled substance by "misrepresentation, fraud, forgery, deception, or subterfuge." We reject appellant's contention that the indictment was fundamentally defective.

■ Appellant contends that "the evidence is insufficient to support the allegation of the two prior felonies relied on by the State to enhance defendant's conviction."

Appellant, having entered a plea of "true" to the enhancement paragraphs of the indictment, cannot be heard to complain that the evidence is insufficient to support same. *O'Dell v. State,* Tex.Cr.App., 467 S.W.2d 444; *Alardin v. State,* Tex.Cr.App., 491 S.W.2d 782.

■ Appellant contends that the "life sentence is void because it results from an ex post facto application of the law."

Appellant urges that the prior convictions could not have been used for enhancement under the "old Narcotic Drug Act" (Art. 725b, V.A.P.C.) and therefore cannot now be used for enhancement.

In *Shaw v. State,* Tex.Cr.App., 529 S.W.2d 75, this Court quoted from *Vasquez v. State,* Tex.Cr.App., 477 S.W.2d 629, as follows:

"'It is well settled that a conviction which occurred prior to the enactment of a statute providing for increased punishment upon a subsequent conviction may be used for enhancement purposes under that statute, and that such usage is not unconstitutional as being an ex post facto application of the statute.' Citing many authorities.

"The opinion adds:

'The reason that a conviction which occurred before the statute was enacted may be used for enhancement is that the statute providing for a greater penalty upon a subsequent conviction does not seek to punish the offender for the original criminal act a second time, but rather "The repetition of criminal conduct aggravates . . . guilt and justifies heavier penalties . . . ." *Graham v. West Virginia,* 224 U.S. 616, 623, 32 S.Ct. 583, 585, 56 L.Ed. 917 (1912).'"

We reject appellant's contention that the life sentence is void as the result of an ex post facto application of the law.

Appellant contends that "the State's attorney committed error when he argued that the State's witnesses were 'Clean. No prior record.'"

Appellant urges that the following argument by the prosecutor constituted "blatant bolstering of the State's witnesses."

"You didn't hear anybody attack Debbie Robertson's credibility with any prior convictions. You didn't hear anybody attack Myrtle Vincent's credibility with any prior convictions. You didn't hear anybody attack Mr. Tichenor's credibility with any prior convictions. You didn't hear Dr. Reedy's testimony attacked by any prior convictions. Clean. No prior record. Credible. What about the Defendant? Does he have any motive to lie; to fabricate; to try and save his own guilty neck? He doesn't want to go back to the penitentiary. It's not just all fun and games down there. You do a little work—honest work to earn your food.

"MR. JOHNSTON: I object to his testimony about that. That's off the record."

The court sustained appellant's objection and instructed the jury to disregard. Appellant's motion for mistrial was overruled and such action by the court gives rise to appellant's contention.

■ Appellant's objection was not made until after the prosecutor had argued relative to appellant's motivation to lie and then the objection was, "That's off the record." Even if it can be urged that the objection was to the remarks now complained of and was timely made, it is noted that the contention urged on appeal, that the prosecutor bolstered the witnesses, is not the same as the objection voiced in the trial court. A ground of error in an appellate brief must comport to the objection voiced at trial. *Reece v. State,* Tex.Cr. App., 521 S.W.2d 633; *Sloan v. State,* Tex. Cr.App., 515 S.W.2d 913. No error is shown.

Appellant contends that the prosecutor "erred when he injected an extraneous offense into the case which was not properly admissible otherwise."

Appellant took the stand in his own behalf at the guilt stage of the trial and testified that he was having the prescription in question filled for a man by the first name of David with whom he had "shot two games of pool" at "Buckner Bowl," a bowling alley in Pleasant Grove. On direct examination, appellant testified that in 1968 he "stole two cars, and I was sentenced to two years at the Texas Department of Corrections." Appellant further testified, "I got sentenced to two years in the Texas Department of Corrections" in 1970 when "I was caught with one ounce of marijuana." After 1971, appellant stated, "I got a DWI and—There were some pills—For the DWI I got a $400 fine and for the pills I got forty five days." On cross-examination, appellant admitted that he had also been convicted for joy riding, driving while intoxicated, second offense, and misdemeanor theft, all of which had occurred since 1967.

■ Appellant's first complaint under this contention is directed to the prosecutor's question on cross-examination about appellant having told a Dr. Grigson that he smoked marihuana. The record reflects that appellant's objection to the foregoing was sustained and no adverse ruling was obtained from the court. Under such circumstances, nothing is preserved for appellate review. *Mayberry v. State*, Tex.Cr. App., 532 S.W.2d 80.

■ Appellant next directs our attention to the prosecutor's question relative to appellant being arrested on January 27, 1973. Appellant's objection to this question was sustained and the jury was instructed to disregard. Appellant's motion for mistrial was overruled. While inquiry as to an arrest is an improper inquiry for purpose of impeachment, we perceive no reversible error in light of the fact that appellant had already been impeached by a number of felony convictions and at least one misdemeanor conviction involving moral turpitude. See *McKinney v. State*, Tex.Cr.App., 505 S.W.2d 536.

■ Appellant further complains of the prosecutor directing appellant's attention to "State's Exhibit 12" and asking appellant if that was the way he appeared on January 27, 1973. "Exhibit 12" was never offered into evidence, it is not in the record, the record does not reflect what the exhibit was, nor is there any contention that it was displayed to the jury. Appellant's objection to the question was sustained and the jury was instructed to disregard the question. Motion for mistrial was overruled. Under the foregoing circumstances, we perceive no exception to the general rule that the asking of an improper question is generally cured by an instruction to disregard. *Mitchell v. State*, Tex.Cr.App., 455 S.W.2d 266.

We reject appellant's contention that an extraneous offense was injected which requires reversal.

Lastly, appellant contends that "the State's attorney was guilty of prosecutorial misconduct where he asked questions which cumulatively deprived appellant of a fair trial and denied him due process of law."

Appellant cites numerous events which occurred in the course of trial which he contends cumulatively resulted in prosecutorial misconduct. We have reviewed the same and conclude that the conduct complained of does not fall within the ambit of prosecutorial misconduct denounced by this Court in the cases of *Stein v. State*, Tex.Cr. App., 492 S.W.2d 548; *Renn v. State*, Tex. Cr.App., 495 S.W.2d 922 and *Boyde v. State*, Tex.Cr.App., 513 S.W.2d 588.

The judgment is affirmed.

Opinion approved by the Court.