**James H. BOND, Jr.**

v.

**The STATE of Texas.**

**No. 09 85 064 CR.**

Court of Appeals of Texas, Beaumont.

Nov. 20, 1985.

Rehearing Denied Dec. 4, 1985.

Dexter Patterson, Port Arthur, for appellant.

Kerry M. Klintworth, Asst. Co. Atty., Orange, for appellee.

OPINION

BROOKSHIRE, Justice.

Appellant was indicted for aggravated robbery committed on November 8, 1983. An enhancement paragraph averred that on June 13, 1978, in Jefferson County, the Appellant had been convicted of a felony and the conviction was final. Appellant was convicted by a jury of aggravated rob-

bery and received a sentence of 50 years from his peers.

Appellant presents one ground of error contending that *TEX. PENAL CODE ANN. sec. 12.46* (Vernon Supp.1985) is unconstitutional in its application under the facts of his case. The Appellant pleaded true to the enhancement paragraph. *Section 12.46*, entitled "Use of Prior Convictions", provides:

"The use of a conviction for enhancement purposes shall not preclude the subsequent use of such conviction for enhancement purposes."

June 7, 1979, was the effective date of *sec. 12.46*. Appellant argues that since the enhancement allegation has its basis in a June 13, 1978, conviction, *sec. 12.46*, as applied to him, is an ex post facto law, contending that this section inflicts a greater punishment than the law provided when the June 13, 1978, felony was committed.

Appellant also argues that the same "enhancement paragraph", being the 1978 felony burglary conviction, had been previously used in a trial in Jefferson County to enhance the punishment wherein the Appellant was convicted by a jury of aggravated robbery and assessed 99 years confinement. Appellant argues that the enhancement paragraph in the indictment could be used once, but only once, and the reuse of this enhancement of the 1978 burglary conviction made *sec. 12.46* unconstitutional as to the case subjudice. Appellant admits that he is "painfully aware of the fact that this allowance of the same prior conviction for enhancement purposes is seemingly authorized by Article 12.46 of the Texas Penal Code...."

■ The Appellant did not object to the use of the 1978 burglary conviction for enhancement at trial. The Appellant made *no* objection when the enhancement paragraph was read to the jury. Immediately thereafter, the State offered State's Exhibit No. 2 which came into the record without objection. State's Exhibit No. 2, in summary, was a document signed and sworn to by Appellant stating that Appellant was the same person convicted on October 5, 1984, in Montgomery County for the offense of aggravated robbery; that he was the same person convicted on October 10, 1984, in Hardin County for aggravated robbery; that he was the same person convicted on November 9, 1984, in Harris County for aggravated robbery; that he was the same person convicted on June 13, 1978, in Jefferson County for burglary; that he was the same person convicted on May 11, 1979, in Chambers County for burglary of a vehicle; that he was the same person convicted on May 11, 1979, in Chambers County for the offense of escape by felony prisoner from custody; that he was the same person convicted on May 11, 1979, in Chambers County for the offense of unauthorized use of a motor propelled vehicle; that he was the same person convicted on February 4, 1985, in Jefferson County for the offense of robbery. States' Exhibit No. 2 was signed by James [Hilton] Bond, Jr. and "[s]worn to and [s]ubscribed before me on this the 25th day of February, 1985. Maralea Hill, Notary Public in and for the State of Texas". With the exhibit in evidence at the punishment stage, the State rested. Immediately thereafter we find in the record:

"MR. PATTERSON: The Defendant rests."

. . . .

"THE COURT: Would the attorneys approach the Bench?

"(Whereupon, there was an off-the-record discussion between the Court and Counsel, after which the following proceedings were had:)

"MR. PATTERSON: No objections to the Charge."

*See and compare Almanza v. State,* 686 S.W.2d 157 (Tex.Crim.App.1984). We do not find "egregious harm" in the record. We have determined that the Appellant received a fair and impartial trial. Certainly, the Appellant has not demonstrated otherwise.

On November 8, 1983, the date of the principal offense, *TEX. PENAL CODE ANN. sec. 12.46* was fully effective.

■ We decide the law has been settled contrary to the Appellant's contentions of unconstitutionality and being an ex post facto statute. In *Vasquez v. State*, 477 S.W.2d 629 (Tex.Crim.App.1972), the court wrote, at page 632:

"It is well settled that a conviction which occurred prior to the enactment of a statute providing for increased punishment upon a subsequent conviction may be used for enhancement purposes under that statute, *and that such usage is not unconstitutional as being an ex post facto application of the statute.* [numerous citations omitted].

"In *Hill v. State*, 158 Tex.Cr.R. 313, 256 S.W.2d 93 (1953) (opinion by Morrison, J.), this Court held that an amendment to a statute which provided for increased penalties upon a second conviction did not increase the punishment for the offense and therefore it could not be an ex post facto law. However, in dictum the court suggested that if the statute had materially increased the punishment, then the utilization of a conviction which occurred before the amendment took effect, for enhancement purposes, would be an ex post facto application. In *Gomez v. State*, supra, the Court held expressly to the contrary. Judge Morrison, the author of the opinion in *Hill v. State*, in a concurring opinion in *Gomez v. State*, supra, at 282 agreed with the holding of the Court, citing numerous authorities from other jurisdictions in support thereof and concluded that the rule as announced by the Court in Gomez was the sounder rule.

"Any suggestion to the contrary in *Hill v. State*, supra, is expressly overruled. The holding in *Gomez v. State*, 162 Tex.Cr.R. 30, 280 S.W.2d 278 (1955) is controlling and will be followed by this Court.

"The reason that a conviction which occurred before the statute was enacted may be used for enhancement is that the statute providing for a greater penalty upon a subsequent conviction does not seek to punish the offender for the original criminal act a second time, but rather, 'The repetition of criminal conduct aggravates ... guilt and justifies heavier penalties....' *Graham v. West Virginia*, 224 U.S. 616, 623, 32 S.Ct. 583, 585, 56 L.Ed. 917 (1912)." (Emphasis ours)

*See Shaw v. State*, 529 S.W.2d 75 (Tex. Crim.App.1975).

Appellant's argument, that *sec. 12.46* results in an ex post facto application, was rejected in *Graham v. State*, 546 S.W.2d 605 (Tex.Crim.App.1977). In *Graham, supra*, the defendant contended that:

" '[L]ife sentence is void because it results from an ex post facto application of the law.'

"Appellant urges that the prior convictions could not have been used for enhancement under the 'old Narcotic Drug Act' (Art. 725b, V.A.P.C.) and therefore cannot now be used for enhancement."

In *Graham*, the court cited with approval *Shaw v. State, supra*, and totally disapproved the appellant's argument that his life sentence was void as a result of an ex post facto application of the law. We overrule the Appellant's sole ground of error and affirm the judgment and sentence below.

AFFIRMED.