Kenneth W. LANDERS *v.* ENERGY SYSTEMS
MANAGEMENT COMPANY

91-64                                                          807 S.W.2d 33

Supreme Court of Arkansas
Opinion delivered April 22, 1991

*Spencer, Spencer, Depper & Guthrie,* by: *Robert L. Depper, Jr.,* for appellant.

*Davidson Law Firm, Ltd.,* by: *Charles Darwin "Skip" Davidson,* for appellee.

TOM GLAZE, Justice. This appeal is from the trial court's decision barring appellant's suit for negligence against appellee Energy Systems Management Co. (Ensco), stating appellant's remedy was limited to Worker's Compensation benefits. At the time appellant sustained his injuries, his employer, PSC Laboratory Management Services, was participating in a joint venture with Ensco which involved marketing the services of packaging, collecting, transporting and disposal of lab pacs — chemicals or waste materials packaged in fifty-five gallon drums. Appellant argued below, and now on appeal, that Ensco should not be immune from tort liability because, in addition to Ensco's role as a joint venturer and employer, it occupied a second or "dual capacity" that conferred upon it obligations independent of those imposed on it as an employer.

Professor Larson recently criticized the so-called "dual capacity" doctrine, stating the doctrine has proved to be subject to misapplication and abuse and the only effective remedy is to jettison it altogether and substitute the terms "dual persona doctrine." 2A Larson, *Workmen's Compensation Law* § 72.81 (1987). Under this theory, an employer may become a third

person, vulnerable to tort suit by an employee, if and only if, he or she possesses a second persona so completely independent from and unrelated to the status as employer that by established standards the law recognizes it as a separate legal person. *Id.* In an attempt to explain this dual persona doctrine, Larson states the following:

> Perhaps the best way to approach a correct analysis of the dual-persona concept is to provide illustrations of exceptional situations in which the concept can legitimately be employed. These will ordinarily be situations in which the law has already clearly recognized duality of legal persons, so that it may be realistically assumed that a legislature would have intended that duality to be respected. The duality may be one firmly entrenched in common law or equity. The status of a trustee or of a guardian is a familiar example of this. No such case has appeared in the reports, but one can readily hypothesize the case of a trustee who, as trustee, is legal owner of a small business. If the question should arise whether this confers immunity on him as an individual for torts he commits upon employees of the trust business, no one would hesitate to answer in the negative.
>
> The duality may also be created by modern statute, the obvious example being the one-man corporation. Here again, apart from exceptional circumstances justifying the "piercing the corporate veil," it is assumed without question that the corporation is a separate legal persona — because the statute makes it so.

In addition to the foregoing, Larson gives further examples of when the dual persona concept applies, but none is helpful to the appellant. Here, appellant was injured while coming to the aid of a co-worker who attempted to pour acid from a fifty-five gallon drum into smaller containers without a "barrel tilter" — an implement required by federal safety regulations. The drum fell, pulling the appellant over and into the acid that spilled. Appellant argues Ensco's tort liability lies in the fact that, (1) in addition to being a joint venturer and employer, Ensco owned the property on which the joint venture did business, (2) it was required but failed to provide a barrel tilter and (3) its

employee (not an employee of the joint venture) was responsible for safety in the entire Ensco premises, including the area where the joint venture was located. However, these factors fail to fall within the concept of dual persona even if that concept was recognized by this court.[1]

■ Larson, in citing a host of cases and discussing various situations in which he believed the dual persona concept can legitimately be employed, stated that it is held with virtual unanimity that an employer cannot be sued as the owner or occupier of land, whether the cause of action is based on common-law obligations of landowners or on statutes such as safe place statutes or structural works acts. Larson submitted the following reasons for such holdings:

> Apart from the basic argument that mere ownership of land does not endow a person with a second legal persona or entity, there is an obvious practical reason requiring this result. An employer, as part of his business, will almost always own or occupy premises, and maintain them as an integral part of conducting his business. If every action and function connected with maintaining the premises could ground a tort suit, the concept of exclusiveness of remedy would be reduced to a shambles.

2A Larson, *Workmen's Compensation Law* § 72.82 (1987).

In the present case, Ensco, indeed, provided the premises and equipment used by the joint venture to perform the joint venture's business — part of which business the appellant and his co-worker were performing when the incident in question occurred. Nevertheless, as pointed out by Larson above, Ensco's ownership and maintenance of its premises or its responsibility to provide for safety devices for its employees does not cause it to be subject to a suit in tort. Each venturer, Ensco and PSC Lab, had agreed to maintain worker's compensation insurance for its employees assigned to the joint venture, and Ensco paid such benefits to

---

[1] Apparently the majority court in *Lewis* v. *Gardner Engineering Corp.*, 254 Ark. 17, 491 S.W.2d 778 (1973), had the opportunity to recognize the "dual capacity" doctrine, but failed to discuss or apply it. *See* Fogleman, J. dissenting, *Lewis*, 234 Ark. at 20, 491 S.W.2d at 780.

appellant after he sustained his work-related injuries. We believe the trial court was correct in limiting appellant to these compensation benefits. In sum, the appellant failed to allege and the record otherwise fails to show the Ensco possessed a second persona so completely independent from and unrelated to its status as an employer.

Finally, while appellant seems to acknowledge and does not argue otherwise, we mention also that the fact Ensco is a joint venturer does not satisfy the dual persona concept. In *Lewis* v. *Gardner Engineering Corp.*, 254 Ark. 17, 491 S.W.2d 778 (1973), we adhered to the general rule that a joint venturer who is also an employer is immune from tort liability under the Worker's Compensation Law. The court stated further as follows:

> It has been held that unlike a partnership, a joint adventure is not a distinct legal entity separate and apart from the parties composing it, and consequently an employee of a joint adventure is an employee of each of the joint adventurers under ordinary principles of agency, and the liability of the joint adventurers and their insurance companies for workmen's compensation to such employee is joint and several. (citation omitted)

Id. at 18, 491 S.W.2d at 779.

For the reasons set out above, we conclude the dual persona concept is inapplicable to the circumstances described in this case. Therefore, we affirm.

BROWN, J., not participating.