Affirmed and Opinion filed December 9, 2003









Affirmed and Opinion filed December 9, 2003.

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00113-CR

____________

 

FRUCTUOSO CEPEDA, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 230th
District Court

Harris County, Texas

Trial Court Cause No. 894,366

 



 

O P I N I O N

Fructuoso Cepeda
pleaded nolo contendere to
assault.  In accordance with the plea
agreement, the trial court assessed punishment at five years= deferred adjudication and a
$700.00 fine.  In five issues, appellant
claims (1) the trial court erred in overruling his motion to dismiss the
indictment, and (2) his plea is jurisdictionally defective.  We affirm. 









                                                I. 
Background

Appellant and complainant,
Cathy Cepeda, were formerly married to each
other.  On December 16, 2000, appellant
and Cepeda were arguing at her sister=s house.  Appellant and Cepeda
went outside because Cepeda did not want her
relatives to hear their argument.  The
argument escalated, and appellant beat Cepeda about
the face and head with his hands.  

Appellant
was charged with assault of a family member, enhanced by a prior conviction for
assault of a family member.  Tex. Pen. Code Ann. ' 220.1 (Vernon 2003).  By written motions filed on August 10, 2001,
and August 14, 2001, appellant sought to quash the indictment and strike the
enhancement paragraph.  The indictment
alleged, in relevant part, that appellant:

on or about December 16, 2000, did
then and there unlawfully, intentionally and knowingly cause bodily injury to
Cathy Cepeda, a member of the defendant=s family, and hereafter styled the
Complainant by striking the Complainant with his hand.

It is further presented that
before the commission of the offense alleged above, the Defendant on March 3,
1992, in the County Criminal Court at Law No. 6 of Harris County, Texas, in
Cause No. 9150962, was convicted of the offense of assault of a member of the
defendant=s family.

Appellant argued to the trial court that there was no
evidence the victim in the prior assault conviction was a family member and the
use of appellant=s prior assault conviction
violated constitutional prohibitions against double jeopardy and ex post facto
provisions.  After conducting a hearing,
the trial court denied both motions.  

                                               II.  Ex
Post Facto








In
his first two issues, appellant asserts the trial court erred in denying his
motion to dismiss the indictment because the prior conviction used to enhance
the charge of assault of a family member is a violation of the Texas and United
States Constitutions= prohibitions against ex post
facto laws.  An ex post facto law (1)
punishes a crime as an act previously committed which was innocent when done;
(2) changes the punishment and inflicts a greater punishment than the law
attached to a criminal offense when committed; or (3) deprives a person charged
with a crime of any defense available at the time the act was committed.  Rodriguez v. State, 93 S.W.3d 60, 66
(Tex. Crim. App. 2002).  Section 22.01 of the Texas Penal Code sets
forth the offense of assault:

(a) A person commits an offense if the
person:

(1) intentionally, knowingly, or
recklessly causes bodily injury to another, including the person=s spouse; 

                                                    *        *       
*

(b) An offense under Subsection (a)(1)
is a Class A misdemeanor, except that the offense is a felony of the third
degree if the offense is committed against:

                                                    *        *       
*

(2)
a member of the defendant=s family or household, if it is
shown on the trial of the offense that the defendant has been previously
convicted of an offense against a member of the defendant=s family or household under
this section; . . . 

Tex. Pen. Code Ann.
' 22.01.

In other words, assault of a family member, a Class A
misdemeanor, is elevated to a third degree felony if it is shown the accused
has been previously convicted of assault of a member of the accused=s family or household.  Id. 
In 1999, the Legislature amended section 22.01(b)(2) to provide that an
assault of a family member is a third-degree felony if it is committed against
a member of the defendant=s family or household and it is
shown that the defendant has been previously convicted of assault of a family
member.  See Act of June 19, 1999,
76th Leg., R.S., ch. 1158, ' 1, 1999 Tex. Gen. Laws
4063.  








Appellant argues prosecution for felony assault is simply an
increase in punishment for the 1992 assault conviction.  We disagree with appellant=s contention.  The Texas Court of Criminal Appeals has
previously considered and rejected similar contentions.  A[A] conviction which occurred
prior to the enactment of a statute providing for increased punishment upon a
subsequent conviction may be used for enhancement purposes under the statute,
and that such usage is not unconstitutional as being an ex post facto
application of the statute.@  Vasquez v. State, 477 S.W.2d 629, 632
(Tex. Crim. App. 1972); see also Graham v. State,
546 S.W.2d 605, 608 (Tex. Crim. App. 1977) (applying Vasquez);
Shaw v. State, 529 S.W.2d 75, 76 (Tex. Crim.
App. 1975) (same).  The Court reasoned
that the statute providing for greater punishment upon a subsequent conviction
does not seek to punish the offender for the original criminal act a second
time, but rather A>[t]he repetition of criminal
conduct aggravates . . . guilt and justifies heavier penalties . . . .=@ Vasquez, 477 S.W.2d at
632 (quoting Graham v. West Virginia, 224 U.S. 616, 623 (1912)).  Thus, the enhancement was applied to the
December 2000 offense, rather than the 1992 offense.  Accordingly, we find section 22.01(b)(2) is
consistent with Vazquez. 
Appellant=s first and second issues are
overruled.

                                            III. Double Jeopardy

In his third issue, appellant asserts the trial court erred
in denying his motion to dismiss his indictment because his prior conviction
used to enhance the charge of assault of a family member is a violation of the
Texas and United States Constitutions= prohibitions against double
jeopardy.  The prohibition against double
jeopardy protects against (1) a second prosecution for the same offense after
acquittal; (2) a second prosecution for the same offense after conviction; and
(3) multiple punishments for the same offense. 
Illinois v. Vitale, 447 U.S. 410, 415 (1980); Lopez v. State,
108 S.W.3d 293, 295B96 (Tex. Crim.
App. 2003).  








Appellant asserts the State is attempting a second
conviction and punishment for an offense for which he has already been
convicted and punished.  In State v.
Cagle, this court addressed the enhancement provision of section 22.01(b)
in the context of a double jeopardy claim. 
77 S.W.3d 344 (Tex. App.CHouston [14th Dist.] 2002, pet.
ref=d).  We explained that double jeopardy does not
apply to noncapital sentencing enhancements because
the imposition of an enhanced sentence on a persistent offender is not a new
jeopardy or an additional penalty for the prior offense; therefore, double
jeopardy does not prevent the State from having A>a second opportunity to present
its proof of the prior . . . conviction=@ in a noncapital
sentencing proceeding.  Id. at 347
(quoting Bell v. State, 994 S.W.2d 173, 175 (Tex. Crim.
App. 1999)).  Thus, using appellant=s previous family violence
assault conviction to enhance his punishment did not constitute a second
conviction or punishment of his prior conviction.  Appellant=s third issue is
overruled.  

                                                IV. Jurisdiction

In his fourth issue, appellant argues the trial court erred
in denying his motion to dismiss because the district court does not have
jurisdiction over misdemeanor offenses. 
Appellant argues that the information and judgment reflect that he was
charged and convicted of misdemeanor assault in 1992, not assault of a family
member.  Therefore, according to
appellant, because the State could not prove the requisite prior conviction of
assault of a family member which would allow for the enhancement of the
December 2000 assault from a misdemeanor to a felony, the district court was
not vested with jurisdiction  See
Tex. Code Crim.
Proc. Ann. art. 4.05 (Vernon Supp. 2003) (providing that Adistrict courts and criminal district
courts shall have original jurisdiction in criminal cases of the grade of
felony, of all misdemeanors involving official misconduct, and of misdemeanor
cases transferred to the district court under Article 4.17 of this code@).  








At the hearing on appellant=s motions, the State explained
that the 1992 information would allege that Cepeda
was the complainant, but would not contain the Afamily member@ language because A[t]hat=s not how we charged it back in
that time.@[1]  The State, however, informed the trial court
that it was prepared to present testimony supporting the allegation that the
complainant in the 1992 assault was a family member.  Moreover, at the hearing on appellant=s guilty plea, the State
informed the trial court that it had evidence that Cepeda
was married to appellant in 1992, and was the complainant in the 1992
offense.  Such extrinsic evidence is
allowed to prove that the previous assault was committed against a member of
the defendant=s family.  See Manning v. State, 112 S.W.3d 740,
744 (Tex. App.CHouston [14th Dist.] 2003, pet.
filed) (holding that because conviction predating section 22.01(b)(2) can be
used for enhancement and use of extrinsic evidence to prove family violence in
subsequent proceeding is not prohibited, trial court did not abuse discretion
in refusing to quash indictment); State v. Eakins,
71 S.W.3d 443, 445 (Tex. App.CAustin 2002, no pet.) (holding
that absence of affirmative finding in judgment of conviction for previous assault
does not in itself preclude introduction of extrinsic evidence that previous
assault was committed against family member). 


Therefore, because appellant=s 1992 assault conviction may
be used to enhance the current assault charge to a felony, the district was
vested with jurisdiction over this case.[2]  Appellant=s fourth issue is overruled.[3]

Accordingly, the judgment of the trial court is affirmed.

 

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

 

Judgment
rendered and Opinion filed December 9, 2003.

Panel
consists of Justices Yates, Hudson, and Fowler.

Do Not
Publish C Tex. R. App. P. 47.2(b).











[1]  The State
informed the trial court that the information from the 1992 offense had been
destroyed.





[2]  The State
further responds that appellant should have challenged the sufficiency of the
evidence concerning his prior conviction by taking the case to trial.  We agree. 
AIt is well settled that a judicial confession, standing
alone, is sufficient to sustain a conviction upon a guilty plea.@  Dinnery v. State, 592 S.W.2d 343, 353 (Tex. Crim. App. 1980) (op. on reh=g) (emphasis in original); Breaux v. State, 16
S.W.3d 854, 856 (Tex. App.CHouston [14th Dist.] 2000, pet. ref=d).  





[3]  Appellant
brings a fifth issue in the event that we are unable to reach the merits of his
first four issues.  Appellant states that
he entered his plea of no contest because he expected to receive full appellate
review of his written pretrial motions to dismiss his indictment and to strike
the enhancement paragraph.  Based on his
expectation of appellate review of his pretrial motions, appellant asserts that
if we cannot reach his other issues, then his plea of no contest is
jurisdictionally defective because it was not entered into knowingly and
intelligently.  However, as the State points
out, appellant timely filed his notice of appeal, specifying that his appeal is
for a jurisdictional defect; specifying that the substance of his appeal was
raised by written motion, on which the trial court ruled prior to trial; and
stating the trial court granted permission to appeal.  Tex.
R. App. P. 25.2(b)(3), 60 Tex. B.J. 411, 434 (Tex. Crim.
App. 1997, amended 2003).  Thus, we have
jurisdiction over appellant=s appeal and appellant=s fifth
issue is overruled.