NO. 07-07-0023-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

APRIL 18, 2008
                                       ______________________________

RONNIE L. TOLER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2006-412899; HONORABLE BRADLEY S. UNDERWOOD, JUDGE
_______________________________


Before CAMPBELL and HANCOCK and PIRTLE, JJ.
MEMORANDUM OPINION
          Appellant, Ronnie L. Toler, appeals his conviction for assault on a peace officer,
twice enhanced, and sentence of 40 years incarceration in the Institutional Division of the
Texas Department of Criminal Justice, contending that the evidence is legally insufficient. 
We affirm.
 
 
Background 
          On May 18, 2006, Lubbock police officers Michael Chavez and Jacob Flores were
conducting surveillance in a neighborhood where Officer Chavez had previously made
narcotic-related arrests . While doing surveillance, Chavez and Flores observed appellant,
who had binoculars, approach the driverside window of a vehicle that was stopped in the
middle of the street. When appellant saw the officers, he immediately stepped away from
the vehicle and begin walking away. Officer Chavez yelled out to appellant to stop but
appellant continued to walk away. As Officer Chavez continued to pursue appellant,
appellant turned around and stated that he had not done anything. However, Officer
Chavez, believing that appellant may have been involved in narcotic trafficking, detained
appellant. Because appellant did not have any identification, Officer Chavez decided to
take appellant to the police vehicle in order to be able to identify him as well as pat him
down for weapons. Once Officer Chavez began the pat down, appellant became agitated
and did not allow Officer Chavez to pat him down. Because of appellant’s agitated state,
Officer Chavez decided to handcuff appellant, but appellant became uncooperative, pulled
away, and ran away from Officer Chavez. During the ensuing chase, both officers used
their tasers and batons to subdue appellant and eventually handcuffed appellant. It was
during this chase that appellant, in attempting to elude the police, struck Officer Flores in
the face with a closed fist. Appellant was arrested and charged with assault on a public
servant, enhanced by two prior felonies.
          After a jury trial, appellant was found guilty and sentenced to 40 years confinement
in the Institutional Division of the Texas Department of Criminal Justice. Appellant appeals 
his conviction and sentence contending that the evidence is legally insufficient to uphold
his conviction because the State failed to demonstrate that Officer Flores was lawfully
discharging an official duty. 
Standard of Review
          In assessing the legal sufficiency of the evidence, we review all the evidence in the
light most favorable to the verdict to determine whether any rational trier of fact could have
found the essential elements of the offense beyond a reasonable doubt. Jackson v.
Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Ross v. State, 133
S.W.3d 618, 620 (Tex.Crim.App. 2004). In conducting a legal sufficiency review, an
appellate court may not sit as a thirteenth juror, but rather must uphold the jury’s verdict
unless it is irrational or unsupported by more than a mere modicum of evidence. Moreno
v. State, 755 S.W.2d 866, 867 (Tex.Crim.App. 1988). 
          A police officer’s interaction with a citizen can be classified as an encounter,
detention, or seizure. See Citizen v. State, 39 S.W.3d 367, 370 (Tex.App.–Houston [1st
Dist.] 2001, no pet.). Encounters occur when police officers approach an individual in
public to ask questions. Id. Encounters do not require any justification whatsoever on the
part of an officer. Id. (citing U.S v. Mendenhall, 446 U.S. 544, 555, 100 S.Ct. 1870, 64
L.Ed.2d 497 (1980)). An investigative detention is a confrontation of a citizen by law
enforcement officers wherein a citizen yields to a display of authority and is temporarily
detained for purposes of an investigation. Johnson v. State, 912 S.W.2d 227, 235
(Tex.Crim.App.1995). An investigative detention is permitted if it is supported by
reasonable suspicion. Citizen, 39 S.W.3d at 370. See also Terry v. Ohio, 392 U.S. 1, 27,
88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Reasonable suspicion is a particularized and
objective basis for suspecting the person is, has been, or soon will be engaged in criminal
activity. Citizen, 39 S.W.3d at 370 (citing Crockett v. State, 803 S.W.2d 308, 311
(Tex.Crim.App.1991)). A determination of whether the police interaction is an encounter,
detention or seizure is assessed by looking at the totality of the circumstances. See Hunter
v. State, 955 S.W.2d 102, 104 (Tex.Crim.App. 1997). 
Law and Analysis
          Appellant complains that the officer did not have reasonable suspicion to stop him
and, thus, was not performing an official duty. Hence, appellant contends that the
evidence does not support the conviction because the officer was not lawfully discharging
an official duty. See Tex. Penal Code Ann. § 22.01(b)(1) (Vernon Supp. 2007). However,
the officers testified to surveillance of the location where appellant was arrested. 
According to the officers, because of the time of night, the previous narcotic-related
arrests, information received by the police department of narcotic trafficking in the area, 
the amount of traffic at that time of night, the vehicle parked in the middle of the road, and
appellant’s possession of binoculars, the officers testified that they sought to detain
appellant for questioning related to drug activity. At this point, the officers had reasonable
suspicion to detain appellant for investigative purposes. See Citizen, 39 S.W.3d at 370. 
However, even if the officers did not have reasonable suspicion for lawfully detaining
appellant, the officers were still performing their official duty because a police officer is
acting within the lawful discharge of his official duties so long as he is acting within his
capacity as a peace officer. See Hughes v. State, 897 S.W.2d 285, 298 (Tex.Crim.App.
1994). See also Hall v. State, 158 S.W.3d 470, 475 n.16 (Tex.Crim.App. 2005). In this
case, the officers were in uniform, on duty, and in a marked vehicle performing a duty, i.e.
surveillance, in their capacity as peace officers. See Hughes, 897 S.W.2d at 298. If
appellant felt that he was being unlawfully detained, searched or arrested, the proper forum
for raising the issue is in the courtroom, not on the street. See White v. State, 601 S.W.2d
364, 366 (Tex.Crim.App. 1980). Nevertheless, at the point that appellant physically
resisted the pat down and broke free of Officer Chavez’s grip, he became culpable for the
offense of resisting arrest. See Cook v. State, 1 S.W.3d 718, 721 (Tex.App.–El Paso
1999, pet. ref’d). Therefore, whether or not the officers had reasonable suspicion for the
detention, at the point that appellant resisted Officer Chavez’s pat down and instead
decided to break free and flee, appellant had committed the criminal offense of resisting
arrest. At that point, Officer Flores, in chasing and detaining appellant, was performing his
official duty in apprehending a person who had committed a criminal offense in his
presence. See Tex. Code Crim. Proc. Ann. art. 14.01(b) (Vernon 2005). Hence, having
reviewed the evidence in the light most favorable to the verdict to determine whether any
rational trier of fact could have found the essential elements of the offense beyond a
reasonable doubt, we conclude that the evidence is legally sufficient to uphold appellant’s
conviction. We, therefore, overrule appellant’s issue.
 
 
Conclusion
          For the foregoing reasons, we affirm.  






                                                                           Mackey K. Hancock

                                                                                     Justice













Do not publish.








e United States and the Texas Court
of Criminal Appeals. See McDonald v. Massachusetts, 180 U.S. 311, 312, 21 S.Ct. 389,
45 L.Ed. 542 (1901); Shaw v. State, 529 S.W.2d 75, 76 (Tex.Crim.App. 1975). Both courts
have held that use of a conviction that occurred before enactment of the enhancement
statute does not violate the prohibition against ex post facto laws because the punishment
is for the new crime only, but is heavier because the defendant is a habitual criminal. 
McDonald, 180 U.S. at 312; Shaw, 529 S.W.2d at 76.
Analysis
          The use of a person’s prior convictions that could not have been used to elevate the
driving while intoxicated charge to a felony at the time they were originally committed has
been addressed by a number of the Courts of Appeal in this state. In each instance, the
courts have held that the very application appellant complains of is not a violation of the
prohibition against ex post facto laws. See Castillo v. State, No. 03-07-00546-CR, 2008
Tex. App. LEXIS 6225, at *2 (Tex.App.–Austin, August 14, 2008, no pet. h.) (not
designated for publication); Crocker v. State, No. 12-07-00413-CR, 2008 Tex. App. LEXIS
5259, at *7 (Tex.App.–Tyler, July 16, 2008, no pet. h.); State v Pieper, 231 S.W.3d 9, 14
(Tex.App.–Houston [14th Dist.] 2007, no pet.); Romo v. State, No. 04-05-00602-CR, 2006
Tex. App. LEXIS 10403, at *6 (Tex.App.–San Antonio, December 6, 2006, no pet.). Yet,
appellant urges that we should decide his case by applying the Court of Criminal Appeal’s
decision in Scott v. State, 55 S.W.3d 593 (Tex.Crim.App. 2001). In Scott, the Court of
Criminal Appeals reversed the conviction finding that the use of Scott’s previous
successfully completed deferred adjudication to enhance his punishment for the later
offense of aggravated sexual assault violated the prohibition against ex post facto laws. 
We decline to do so. The Scott opinion made it very clear that the prior deferred
adjudication statute contained an explicit limitation on the collateral consequences of
deferred adjudication. Id. at 597. The statute in question stated, “A dismissal and
discharge under this section may not be deemed a conviction for purposes of
disqualifications or disabilities imposed by law for conviction of an offense except that
 . . . .”


 Id. at 595 n.3. Subsequently, the statute was amended to add a provision that
made a completed deferred adjudication count as a conviction for purposes of the
aggravated sexual assault punishment regardless of whether the defendant had
successfully completed his deferred community supervision.


 The Court of Criminal
Appeals reasoned that because the statute in existence at the time of Scott’s conviction
contained this express limitation that he was entitled to rely upon. Id. at 597. It was the
removal of the statutory limitation in the former version of the deferred adjudication law that
was at issue in Scott. Ultimately, the court ruled that the defendant was entitled to rely on
the previous restriction. Id. at 597.
          The statutory limitation referred to in Scott is not present in the former article 6701l-1. At the time appellant was previously convicted, the statute simply had a provision that
the window for use of prior convictions was 10 years without the type of express limitation
found by the Court of Criminal Appeals to be crucial.


 Accordingly, when we analyze the
facts of the case before the Court under the holding in the Scott case, we come to the
conclusion that Scott does not control. Rather, we have a factual pattern where the
punishment is for the offense that appellant was tried for and punishment has been
increased because of the recidivist nature of appellant’s conduct. McDonald, 180 U.S. at
312; Shaw, 529 S.W.2d at 76. 
          This leads to the conclusion that the trial court was correct in its ruling on the
objection to the evidence. Therefore, the trial court could not have abused its discretion
because it followed appropriate legal principles. We overrule appellant’s contention to the
contrary. 
Conclusion
          Having overruled appellant’s issues, we affirm the judgment of the trial court.
 
Mackey K. Hancock

Justice



Publish.