NO. 07-07-0315-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 15, 2008

______________________________


ROBERT P. SEPEDA, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE


_________________________________

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2006-414,673; HON. JIM BOB DARNELL, PRESIDING

_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
OPINION
          Appellant, Robert P. Sepeda, was indicted for the felony offense of driving while
intoxicated, third or more offense, which included jurisdictional allegations of two prior
convictions for the offense of driving while intoxicated. Further, the indictment alleged two
other felony convictions for the purpose of punishment enhancement. A jury found
appellant guilty and found that both prior enhancement allegations were true. The jury
assessed appellant’s punishment at confinement in the Institutional Division of the Texas
Department of Criminal Justice for 50 years. Through his issues, appellant contends that
the use of the prior driving while intoxicated convictions to elevate the case to a felony
violates the prohibitions against ex post facto laws of both the United States Constitution
and the Texas Constitution. Disagreeing with appellant, we affirm.
Factual and Procedural Background
          Because appellant is not challenging the sufficiency of the evidence, only the
necessary factual background will be recited. Appellant was arrested on July 18, 2006, for
the offense of driving while intoxicated. On December 6, 2006, a grand jury returned an
indictment against appellant charging him with driving while intoxicated felony, third or
more offense. Contained within that indictment were allegations that appellant had been
convicted of driving while intoxicated on two other occasions. The first conviction was in
cause number 91-486,017 in the County Court at Law #1 of Lubbock County, Texas. The
second conviction was in cause number 90-480,225 in the County Court at Law #1 of
Lubbock County, Texas. The proof at trial was that the date of conviction in cause number
91-486,017 was September 9, 1993, and the date of conviction in cause number 90-480,225 was March 1, 1991.


 Appellant objected to the use of these jurisdictional prior
convictions to elevate his driving while intoxicated charge to a felony level because each
conviction was more than 10 years old. Appellant’s objection was that the use of these
convictions subjected him to an ex post facto law as the prior driving while intoxicated
statue, article 6701l-1 of the Texas Revised Statutes had a 10 year limitation on the use
of prior convictions.


 The objection at trial was directed to both the United States
Constitution and Texas Constitution prohibitions against ex post facto laws. The trial court
overruled the objections and the jury returned a verdict of guilty and answered “We Do” as
to the special issues submitted regarding the prior driving while intoxicated convictions. 
Accordingly, the trial court sentenced appellant to a term of confinement of 50 years in the
Institutional Division of the Texas Department of Criminal Justice. This appeal followed.
          Through two issues, appellant challenges the use of the prior convictions for
purposes of proving the jurisdictional requirements of the felony driving while intoxicated
statute. His challenge is based upon the objection at trial that to allow the use of the prior
convictions is a violation against the prohibitions against ex post facto laws contained in
the United States Constitution


 and the Texas Constitution.


 We disagree with appellant’s
contentions and will affirm.
Standard of Review
          Appellant’s contention was raised by an objection to the State’s offer of proof
regarding the prior convictions. As the objection was to the introduction of the State’s
evidence, we review the trial court’s decision to admit the evidence under an abuse of
discretion standard. See Weatherred v. State, 15 S.W.3d 540, 542 (Tex.Crim.App. 2000). 
An appellate court should affirm the trial court’s ruling unless it finds that the decision is not
within the zone of reasonable disagreement. See Green v. State, 934 S.W.2d 92, 102
(Tex.Crim.App. 1996). Stated another way, we will find an abuse of discretion only when
the trial court acted without reference to any guiding rules or principles by acting arbitrarily
or unreasonably. See Lyles v. State, 850 S.W.2d 497, 502 (Tex.Crim.App. 1993).
Ex Post Facto Laws
          That ex post facto laws are prohibited by both cited constitutions is well settled. The
issue presented is what constitutes an ex post facto law. The leading case answering the
question on the federal level is Carmell v. Texas, and Texas has adopted the same
analytical approach to the issue. See Carmell v. Texas, 529 U.S.513, 522, 120 S.Ct. 1620,
146 L.Ed.2d 577 (2000); see Grimes v. State, 807 S.W.2d 582, 583-84 (Tex.Crim.App.
1991). The Carmell analysis of the four types of ex post facto violations is derived from
Justice Chase’s opinion in Calder v. Bull. See Calder v. Bull, 3 U.S. 386, 390, 3 Dall. 386,
1 L.Ed. 648 (1798). The four categories of ex post facto laws recognized by the Supreme
Court of the United States and by the Texas Court of Criminal Appeals are: 1) laws that
make an action done before the passing of the law, and which was innocent when done,
criminal, and punishes such action; 2) every law that aggravates a crime, or makes it
greater than it was, when committed; 3) every law that changes the punishment and inflicts
a greater punishment than the law annexed to the crime when it was committed; and 4)
every law that alters the legal rules of evidence, and receives less, or different testimony,
than the law required at the time of commission of the offense in order to convict the
offender. Carmell, 529 U.S. at 522; Grimes, 807 S.W.2d at 584. When we engage in an
ex post facto analysis, our focus is whether the statute assigns more severe criminal or
penal consequences to an act than did the law in place when the act occurred and it is
irrelevant whether the statutory change touches any vested rights. Grimes, 807 S.W.2d
at 587 (citing Weaver v. Graham, 450 U.S. 24, 30 n.13, 101 S.Ct. 960, 67 L.Ed.2d 17
(1981)).
          Additionally, the general issue of the use of prior convictions to enhance punishment
has been analyzed by both the Supreme Court of the United States and the Texas Court
of Criminal Appeals. See McDonald v. Massachusetts, 180 U.S. 311, 312, 21 S.Ct. 389,
45 L.Ed. 542 (1901); Shaw v. State, 529 S.W.2d 75, 76 (Tex.Crim.App. 1975). Both courts
have held that use of a conviction that occurred before enactment of the enhancement
statute does not violate the prohibition against ex post facto laws because the punishment
is for the new crime only, but is heavier because the defendant is a habitual criminal. 
McDonald, 180 U.S. at 312; Shaw, 529 S.W.2d at 76.
Analysis
          The use of a person’s prior convictions that could not have been used to elevate the
driving while intoxicated charge to a felony at the time they were originally committed has
been addressed by a number of the Courts of Appeal in this state. In each instance, the
courts have held that the very application appellant complains of is not a violation of the
prohibition against ex post facto laws. See Castillo v. State, No. 03-07-00546-CR, 2008
Tex. App. LEXIS 6225, at *2 (Tex.App.–Austin, August 14, 2008, no pet. h.) (not
designated for publication); Crocker v. State, No. 12-07-00413-CR, 2008 Tex. App. LEXIS
5259, at *7 (Tex.App.–Tyler, July 16, 2008, no pet. h.); State v Pieper, 231 S.W.3d 9, 14
(Tex.App.–Houston [14th Dist.] 2007, no pet.); Romo v. State, No. 04-05-00602-CR, 2006
Tex. App. LEXIS 10403, at *6 (Tex.App.–San Antonio, December 6, 2006, no pet.). Yet,
appellant urges that we should decide his case by applying the Court of Criminal Appeal’s
decision in Scott v. State, 55 S.W.3d 593 (Tex.Crim.App. 2001). In Scott, the Court of
Criminal Appeals reversed the conviction finding that the use of Scott’s previous
successfully completed deferred adjudication to enhance his punishment for the later
offense of aggravated sexual assault violated the prohibition against ex post facto laws. 
We decline to do so. The Scott opinion made it very clear that the prior deferred
adjudication statute contained an explicit limitation on the collateral consequences of
deferred adjudication. Id. at 597. The statute in question stated, “A dismissal and
discharge under this section may not be deemed a conviction for purposes of
disqualifications or disabilities imposed by law for conviction of an offense except that
 . . . .”


 Id. at 595 n.3. Subsequently, the statute was amended to add a provision that
made a completed deferred adjudication count as a conviction for purposes of the
aggravated sexual assault punishment regardless of whether the defendant had
successfully completed his deferred community supervision.


 The Court of Criminal
Appeals reasoned that because the statute in existence at the time of Scott’s conviction
contained this express limitation that he was entitled to rely upon. Id. at 597. It was the
removal of the statutory limitation in the former version of the deferred adjudication law that
was at issue in Scott. Ultimately, the court ruled that the defendant was entitled to rely on
the previous restriction. Id. at 597.
          The statutory limitation referred to in Scott is not present in the former article 6701l-1. At the time appellant was previously convicted, the statute simply had a provision that
the window for use of prior convictions was 10 years without the type of express limitation
found by the Court of Criminal Appeals to be crucial.


 Accordingly, when we analyze the
facts of the case before the Court under the holding in the Scott case, we come to the
conclusion that Scott does not control. Rather, we have a factual pattern where the
punishment is for the offense that appellant was tried for and punishment has been
increased because of the recidivist nature of appellant’s conduct. McDonald, 180 U.S. at
312; Shaw, 529 S.W.2d at 76. 
          This leads to the conclusion that the trial court was correct in its ruling on the
objection to the evidence. Therefore, the trial court could not have abused its discretion
because it followed appropriate legal principles. We overrule appellant’s contention to the
contrary. 
Conclusion
          Having overruled appellant’s issues, we affirm the judgment of the trial court.
 
Mackey K. Hancock

Justice



Publish.